Filed 10/29/15  P. v. Jarvis CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TERRENCE JARVIS,<br><br>    Defendant and Appellant. | D066240<br><br><br><br>(Super. Ct. No. SCD238601) |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed in part, reversed in part, and remanded.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott Taylor and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Terrence Jarvis of one count of willful, deliberate and premeditated attempted murder (Pen. Code,[1] §§ 187, subd. (a), 189, 664; count 1), two counts of robbery (§ 211; counts 2 & 4), two counts of attempted robbery (§§ 211, 664; counts 5 & 7), one count of assault by means likely to produce great bodily injury (§ 245, subd. (a)(1); count 3), and one count of shooting at an inhabited structure (§ 246; count 6). The jury also found true multiple sentence enhancement allegations, including that: the crimes in counts 1 through 6 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)); Jarvis used a firearm during the commission of the crimes in counts 1, 2, 4, 5 and 6 (§ 12022.53, subd. (b)); and Jarvis personally inflicted great bodily injury during the commission of the crime in count 1 (§ 12022.7, subd. (a)). In addition, the court found true allegations Jarvis had a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12). The court imposed an aggregate indeterminate sentence of 60 years to life plus 45 years for counts 1 and 6 and an aggregate determinate sentence of 64 years and four months for counts 3 through 5 and 7.[2]

Jarvis appeals, contending we must reverse the true findings on the gang benefit enhancement allegations because the court mistakenly instructed the jury a criminal street

---

[1]    Further statutory references are to the Penal Code unless otherwise stated.

[2]    The court stayed the sentence for count 2 under section 654.

2

gang's primary activities could include pimping.  The People concede the instructional error, but contend the error was harmless beyond a reasonable doubt.  We agree.

Jarvis also contends the court erred by imposing a five-year prior serious felony conviction sentence enhancement (five-year enhancement) on every count except for count 2 (see fn. 2, *ante*).[3]  Instead, he contends the court was only authorized to impose one five-year enhancement as part of the aggregate determinate sentence and one five-year enhancement as part of the aggregate indeterminate sentence.  The People concede the court was only authorized to impose one five-year enhancement as part of the aggregate determinate sentence; however, they contend the court was authorized to impose a five-year enhancement on each term of the indeterminate sentence.  We again agree and remand the matter to the court for correction of the determinate sentence.  We affirm the judgment in all other respects.

## BACKGROUND

We only briefly summarize the factual bases for Jarvis's convictions, as the details of his crimes are not relevant to the issues raised on appeal.  The crimes in counts 1 through 6 occurred over two successive days.  The crime in count 7 occurred approximately seven months earlier.

The crimes in counts 1 and 2 involved an attack upon and robbery of a college student when he arrived at a friend's house for a visit.  As a result of the attack, the

---

[3]    Section 667, subdivision (a)(1), provides in part:  "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony … shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately."

college student's skull was fractured in multiple places and he was not expected to survive.

The crime in count 3 involved a disciplinary beating of a disgraced fellow gang member. The crime in count 6 involved the shooting up of the home of the disgraced gang member's grandmother.

The crime in count 4 involved the armed robbery of a woman parking her car after returning from the store. The crime in count 5 involved the attempted armed robbery of a woman breaking down boxes by a dumpster in a parking lot behind her workplace. The robbery was thwarted by the timely arrival of a coworker.

The crime in count 7 involved the attempted armed robbery of a marijuana dispensary. The robbery was thwarted by two store managers who fought back and disarmed Jarvis.

DISCUSSION

I

*Instructional Error*

A

1

"[S]ection 186.20 et seq., also known as the California Street Terrorism Enforcement and Prevention Act (the STEP Act or Act), was enacted in 1988 to combat a dramatic increase in gang-related crimes and violence. The Act imposes various punishments on individuals who commit gang-related crimes—including a sentencing enhancement on those who commit felonies 'for the benefit of, at the direction of, or in

4

association with any criminal street gang.' [Citation.] A criminal street gang, in turn, is defined by the Act as any 'ongoing organization, association, or group of three or more persons' that shares a common name or common identifying symbol; that has as one of its 'primary activities' the commission of certain enumerated offenses; and 'whose members individually or collectively' have committed or attempted to commit certain predicate offenses. [Citation.] To prove that a criminal street gang exists in accordance with these statutory provisions, the prosecution must demonstrate that the gang satisfies the separate elements of the STEP Act's definition and that the defendant sought to benefit that particular gang when committing the underlying felony." (*People v. Prunty* (2015) 62 Cal.4th 59, 66-67, fn. and italics omitted.)

"The STEP Act defines a 'criminal street gang' as an 'ongoing organization, association, or group.' [Citation.] That 'group' must have 'three or more persons,' and its 'primary activities' must consist of certain crimes. [Citation.] The same 'group' must also have 'a common name or common identifying sign or symbol,' and its members must be proven to have engaged in a 'pattern of criminal gang activity' by committing predicate offenses." (*People v. Prunty*, *supra*, 62 Cal.4th at p. 71.)

2

In this case, the prosecution sought to prove Jarvis committed the crimes in counts 1 through 6 for the benefit of the Emerald Hills Blood gang (Emerald Hills). As part of its proof, the prosecution asked its gang expert what Emerald Hills's primary activities were. The expert replied, "I would say right now robberies, assaults are the main cases that I've investigated. I've been involved in one murder investigation, and then one of the

5

biggest things they're starting to do now is pimping, prostitution." The expert also briefly discussed three predicate offenses committed by Emerald Hills gang members. The offenses involved a murder, a felon in possession of a firearm, and an attempted murder and/or assault with a deadly weapon.

3

The court used a tailored version of CALCRIM No. 1401 to instruct the jury on the elements of a gang benefit enhancement. The court's instruction stated a criminal street gang's primary activities could include "murder, attempted murder, assault with force likely [to cause great bodily injury], assault with a deadly weapon, [f]elon in [p]ossession of a [f]irearm, [s]hooting at an inhabited dwelling, robbery, or *pimping*." (Italics added.)

B

1

Jarvis contends the court erred by instructing the jury a criminal street gang's primary activities could include pimping. We agree. The STEP Act describes "primary activities" as the commission of one or more of the offenses enumerated in section 186.22, subdivision (e)(1)-(25) or subdivision (e)(31)-(33). (§ 186.22, subd. (f).) As the People appropriately concede, pimping is not included among these enumerated offenses.

2

A trial court's mistaken instruction on an element of an offense or enhancement allegation is subject to federal harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705]. (*People v. Hill* (2015) 236

6

Cal.App.4th 1100, 1122.) The error " 'requires reversal of the judgment unless the reviewing court concludes beyond a reasonable doubt that the error did not contribute to the verdict." (*Ibid.*) The relevant inquiry is whether the true findings rendered in this case were surely unattributable to the error. (*Ibid.*) "Phrased another way, the error is harmless only 'if other aspects of the verdict or the evidence leave no reasonable doubt that the jury made the findings necessary' for a valid [gang enhancement]." (*Ibid.*)

Here, pimping was but one of several crimes identified by the gang expert as Emerald Hills's primary activities. The expert also identified robberies, assaults, and murder as primary activities. Unlike pimping, these crimes are qualifying primary activities (§ 186.22, subd. (e)(1)-(3)) and the STEP Act only requires proof of one of them to establish the primary activity element of a gang benefit enhancement (§ 186.22, subd. (f)). In addition, the prosecution did not present any specific evidence of Emerald Hills's pimping activities, but did present specific evidence of Emerald Hills's other primary activities, including the evidence related to the predicate offenses and to the charged offenses. (See *People v. Bragg* (2008) 161 Cal.App.4th 1385, 1401 [charged offenses may be considered in determining a pattern of criminal street gang activity].) Moreover, the prosecution did not discuss pimping as one of Emerald Hill's primary activities during closing arguments. Indeed, rather than discuss the requirements for Emerald Hills to be categorized as a criminal street gang, the prosecution accurately predicted Jarvis would not even dispute the point. Under these circumstances, we have no reasonable doubt the jury made the necessary findings for a valid gang enhancement.

7

## II

### *Sentencing Error*

#### A

The court imposed indeterminate terms for counts 1 and 6 and determinate terms for counts 3 through 5 and 7.  The sentence for each term included a five-year enhancement.

#### B

##### 1

The California Supreme Court recently affirmed that, where section 1170.1 governs, a five-year enhancement may only be imposed once as part of the aggregate sentence for multiple determinate terms.  (*People v. Sasser* (2015) 61 Cal.4th 1, 7, 15, 17 (*Sasser*), applying *People v. Tassell* (1984) 36 Cal.3d 77, 90 (*Tassell*), overruled on other grounds in *People v. Ewoldt* (1994) 7 Cal.4th 380, 401.)  The Supreme Court explained, "[s]ection 1170.1, which was enacted as part of the [determinate sentencing law], 'generally governs the calculation and imposition of a determinate sentence when a defendant has been convicted of more than one felony offense.' [Citation.]  If the sentencing court imposes consecutive terms, 'the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and [prior offenses committed while released on bail or recognizance].' (§ 1170.1, [subd.] (a).)" (*People v. Sasser*, *supra*, at pp. 8-9.)  "This structure 'makes it very clear that enhancements for prior convictions do not attach to particular counts but instead are

8

added just once as the final step in computing the total sentence.' " (*Id.* at p. 15.) Because section 1170.1 governs the sentencing for Jarvis's determinate terms, the court erred in imposing a five-year enhancement for each determinate term instead of once as part of the aggregate determinate sentence.

2

Conversely, section 1170.1 does not govern the sentencing for Jarvis's indeterminate terms. (§ 1170, subd. (a)(3) [the determinate sentencing law does not "affect any provision of law that … expressly provides for imprisonment in the state prison for life"]; *People v. Sasser*, *supra*, 61 Cal.App.4th at p. 8 [life sentences fall entirely outside the ambit of the determinate sentencing law]; *People v. Williams* (2004) 34 Cal.4th 397, 402 [section 1170.1 only applies to determinate sentences]; *People v. Felix* (2000) 22 Cal.4th 651, 659 [a sentence for some number of years to life is an indeterminate sentence not subject to the determinate sentencing law].) Moreover, Jarvis has not identified a statute comparable to section 1170.1 that does govern the sentencing for his indeterminate terms. Absent a comparable statute, Jarvis has not established the court erred in imposing a five-year enhancement on each of his indeterminate terms. (See *People v. Misa* (2006) 140 Cal.App.4th 837, 846-847 [holding the rule and reasoning prohibiting imposition of more than one five-year enhancement for multiple determinate terms does not apply to indeterminate terms]; see also *People v. Jackson* (1993) 14 Cal.App.4th 1818, 1832 [sentencing enhancements attached to indeterminate terms are not subject to the determinate sentencing law, including section 1170.1, subdivision (a)].)

9

DISPOSITION

The matter is remanded for resentencing of the determinate terms.  In all other respects, the judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


AARON, J.