Filed 4/23/15

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE, )
)
    Plaintiff and Respondent, )
)     S217128
    v. )
)     Ct.App. 1/5 A136655
DARREN DERAE SASSER, )
)     Alameda County
    Defendant and Appellant. )   Super. Ct. No. C156534
_____ )

When a defendant with one prior "strike" is convicted of a subsequent felony, the second-strike provision of the Three Strikes law requires that he be sentenced to "twice the term otherwise provided as punishment for the current felony conviction." (Pen. Code, § 667, subd. (e)(1); all subsequent statutory references are to this code.) If the current offense is a serious felony, he is also subject to a five-year prior serious felony enhancement on top of that doubled term. (§ 667, subd. (a)(1).) In cases where the second-strike offender has only one current offense, the sentencing arithmetic is simple: The trial court selects the base term, doubles it, and adds five years.

But when a defendant's second-strike sentence includes multiple terms for several offenses, calculating the correct sentence can become more complex. We granted review to determine whether the prior serious felony enhancement may be applied to the term imposed for each current offense or only once to the determinate portion of the overall sentence. Finding our decision in *People v.*

1

*Tassell* (1984) 36 Cal.3d 77, 89–92 (*Tassell*) applicable in this context, we conclude that the prior serious felony enhancement may be added only once to multiple determinate terms imposed as part of a second-strike sentence.

**I.**

Defendant Darren Derae Sasser was convicted of 11 offenses arising from sexual assaults on two separate victims. His convictions included three counts of oral copulation by force (§ 288a, subd. (c)(2)), three counts of sodomy by force (§ 286, subd. (c)(2)), and five counts of rape by force (§ 261, subd. (a)(2)). Sasser admitted that he had a prior conviction for a lewd act on a child (§ 288, subd. (a)), which qualified for sentencing purposes as a prior sex offense, a prior strike, and a prior serious felony. The trial court imposed a sentence of 458 years and four months to life.

Sasser appealed. The Court of Appeal reversed two of the sodomy convictions due to instructional error, reversed the sentence with regard to several of the other counts, and remanded for resentencing. On remand, the prosecutor dismissed charges on the two sodomy counts that the Court of Appeal had reversed. The trial court then resentenced Sasser for the remaining nine convictions. The court began by sentencing him under the habitual sexual offender law (§ 667.71) to 55 years to life on each of the nine counts, resulting in an aggregate sentence of 495 years to life. Each of those nine indeterminate sentences of 55 years to life included a five-year enhancement based on Sasser's prior serious felony conviction. Sasser does not challenge this sentence, and it is not at issue here.

The trial court also imposed an alternative sentence under the One Strike law. (§ 667.61.) It started by sentencing Sasser to 25 years to life for each of two of the rape counts (one count for each victim). The court then doubled the minimum terms for the life sentences pursuant to the Three Strikes law and added

five-year prior serious felony enhancements to both. On the remaining counts, the court imposed seven determinate terms of 17 years each, i.e., the sum of the middle term of six years, doubled pursuant to the Three Strikes law, plus a five-year prior serious felony enhancement. Sasser's alternative sentence thus totaled 229 years to life. The court stayed this sentence in light of the lengthier 495 years to life sentence.

Defendant appealed a second time, arguing that the trial court erred by applying a five-year prior serious felony enhancement to each of the seven determinate terms within the stayed 229 years to life sentence. Relying on *Tassell*, Sasser argued that an enhancement based on a prior conviction may be applied only once to multiple determinate terms.

The Court of Appeal affirmed. It distinguished *Tassell* on the ground that Sasser was not sentenced under the determinate sentencing law "but under the Three Strikes law, which permits multiple enhancements." In light of the "clear policy and intent behind the Three Strikes law — to increase punishment for prior felony convictions," the Court of Appeal explained, "a recidivism enhancement under section 667, subdivision (a)(1) may be imposed on *each* count" of Sasser's sentence. We granted review.

## II.

This case requires us to reconcile four statutory schemes: the determinate sentencing law (§ 1170 et seq.) and, in particular, its rules governing multiple determinate terms (§ 1170.1, subd. (a) (hereafter section 1170.1(a)); enhanced penalty provisions for forcible sex offenses (§ 667.6); the prior serious felony enhancement (§ 667, subd. (a)(1) (hereafter section 667(a)(1)); and the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12).

The Legislature in 1976 enacted the Uniform Determinate Sentencing Act (Stats. 1976, ch. 1139, p. 5061), commonly referred to as the determinate

3

sentencing law (DSL). In passing the law, the Legislature found that "the purpose of imprisonment for crime is punishment" and that "[t]his purpose is best served by terms proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances." (§ 1170, subd. (a)(1).)

The DSL's emphasis on uniform punishment marked a shift away from a system in which most prisoners were sentenced to an indeterminate range of years, usually with a maximum term of life imprisonment. (Nat. Inst. of Justice, U.S. Dept. of Justice, The Implementation of the California Determinate Sentencing Law (1982) pp. 12–13.) The DSL replaced these indeterminate sentences with three fixed-year, or determinate, sentencing options for nearly all felony offenses. For example, the normal punishment for first degree robbery is "imprisonment in the state prison for three, four, or six years" (§ 213, subd. (a)(1)(B)), and the sentencing court, exercising its "sound discretion" and taking into account any aggravating or mitigating circumstances, must select the term that "best serves the interests of justice" (§ 1170, subd. (b), as amended by Stats. 2014, ch. 612, § 1 [until Jan. 1, 2017]). Today, most sentences are imposed under the DSL, and only death sentences and sentences of life imprisonment fall entirely outside its ambit. (3 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) State Prison Term, § 309, p. 480; *People v. Felix* (2000) 22 Cal.4th 651, 659.)

Section 1170.1, which was enacted as part of the DSL, "generally governs the calculation and imposition of a determinate sentence when a defendant has been convicted of more than one felony offense." (*People v. Williams* (2004) 34 Cal.4th 397, 402 (*Williams*).) If the sentencing court imposes consecutive terms, "the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and [prior

4

offenses committed while released on bail or recognizance].” (§ 1170.1(a).) The principal term consists of “the greatest term of imprisonment imposed by the court for any of the crimes,” including any applicable offense-specific enhancements. (*Ibid.*) The subordinate term consists of “one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed,” plus “one-third of the term imposed for any specific enhancements applicable to those subordinate offenses.” (*Ibid.*) So, for example, “if a defendant were convicted of three counts of first degree robbery, with no enhancements, and the sentencing court imposed consecutive terms, the court would select either three, four, or six years for the principal term, and would then add to this principal term an additional term of sixteen months (one-third of the middle term of four years) for each of the remaining two counts. The aggregate term would be the sum of the principal term (either three, four, or six years) and the two subordinate terms (of sixteen months each).” (*People v. Nguyen* (1999) 21 Cal.4th 197, 202 (*Nguyen*).)

Since the DSL’s enactment, voters and the Legislature have enacted various laws that call for increased punishment of certain offenders. As these new provisions have been added to the Penal Code, we have been called upon to interpret their relationship to section 1170.1.

In 1979, the Legislature enacted section 667.6, which applies to defendants convicted of certain forcible sex offenses. (Stats. 1979, ch. 944, § 10, p. 3258.) As relevant here, the law provides that “[i]n lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of an [enumerated forcible sex offense] if the crimes involve the same victim on the same occasion.” (§ 667.6, subd. (c) (hereafter section 667.6(c).) The same legislation that created section 667.6 also added section 1170.1, subdivision (h), which said that for any violation of one of the enumerated sex offenses, “the

5

number of enhancements which may be imposed shall not be limited . . . . Each of such enhancements shall be a full and separately served enhancement and shall not be merged with any term or with any other enhancement." (Stats. 1979, ch. 944, § 12, pp. 3259–3261.) The current version of that provision is functionally identical. (§ 1170.1, subd. (h).)

Then, in 1982, California voters enacted Proposition 8, sometimes called the Victims' Bill of Rights. Among Proposition 8's provisions is the requirement that "any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." (§ 667(a)(1).) The voters' intent in enacting this enhancement was "to increase sentences for recidivist offenders." (*People v. Jones* (1993) 5 Cal.4th 1142, 1147.)

In *Tassell*, *supra*, 36 Cal.3d 77, we considered the interplay among section 1170.1, section 667.6(c), and sentencing enhancements based on a defendant's prior convictions. The defendant in *Tassell* was convicted of kidnapping, rape, and oral copulation, each of which calls for a determinate sentence. Because the rape and oral copulation counts involved the same victim on the same occasion, the trial court exercised its discretion under section 667.6(c) to impose full consecutive terms for those offenses. (*Tassell*, at p. 89.) Based on the defendant's prior convictions, the trial court added recidivist enhancements under section 667.5, subdivision (a) and section 667.6, subdivision (a) to both the rape and oral copulation counts. "The trial court justified its double use of the same prior convictions for enhancement by relying on section 1170.1, subdivision (i) . . . ." (*Tassell*, at pp. 89–90.) (The provision cited as § 1170.1, subd. (i) in *Tassell* is now labeled § 1170.1, subd. (h).)

6

We vacated the sentence, concluding that the recidivist enhancements should have been applied only once. (*Tassell*, *supra*, 36 Cal.3d at p. 92.) We explained that section 1170.1 "refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense." (*Tassell*, at p. 90.) Offense-related enhancements, such as those for use of a weapon or infliction of great bodily injury, may be added to any count to which they apply. But enhancements for prior convictions go to the nature of the offender, not the offense, and thus "have nothing to do with particular counts." (*Ibid.*) "Section 1170.1, subdivision (a) starts out by stating the basic rule that when a person is convicted of two or more felonies, the total sentence consists of (1) the principal term, (2) the subordinate term, and (3) any enhancements for prior convictions. In so doing, it makes it very clear that enhancements for prior convictions do not attach to particular counts but instead are added just once as the final step in computing the total sentence." (*Ibid.*) Thus, although section 1170.1, former subdivision (i) serves to "nullify certain limitations set forth in other parts of section 1170.1 regarding the number and length of enhancements that may be added to particular counts," it does not "affect the method by which enhancements for prior convictions are imposed." (*Tassell*, at p. 90.)

Although *Tassell* did not involve prior serious felony enhancements imposed under section 667(a)(1), we have subsequently confirmed that *Tassell*'s rule applies to such enhancements. (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1163–1164 [under *Tassell* "only one section 667, subdivision (a) enhancement should have been imposed in connection with the aggregate sentence"].)

In 1994, the Legislature enacted the Three Strikes law. (Stats. 1994, ch. 12, § 1, p. 71, codified at § 667, subds. (b)–(i).) Later that year, California voters enacted a nearly identical measure through ballot initiative. (§ 1170.12.) The Legislature's intent in passing the Three Strikes law was "to ensure longer prison

7

sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious and/or violent felony offenses." (§ 667, subd. (b).) As pertinent here, the Three Strikes law increases punishment for second-strike defendants by doubling any determinate terms they otherwise would have received under the DSL. If a defendant has one prior conviction for a serious or violent felony, then "the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 667, subd. (e)(1) (hereafter section 667(e)(1)).)

In *Nguyen*, *supra*, 21 Cal.4th 197, we considered the relationship between section 1170.1 and the Three Strikes law. The defendant in *Nguyen* was convicted of multiple felony counts and had one prior strike, which meant the trial court was required to impose "twice the term otherwise provided" for his second-strike offenses under section 667(e)(1). In addition to imposing one indeterminate life term, the trial court imposed five consecutive determinate terms "us[ing] the principal term/subordinate term methodology of section 1170.1." (*Nguyen*, at p. 200.) The trial court calculated the subordinate terms by "doubling one-third of the middle term for each offense." (*Ibid.*) We granted review to determine "whether the consecutive determinate term to be doubled [under the Three Strikes law] is one-third of the middle term or a full term (either the lower, middle, or upper). Stated differently, the issue is whether the two strike sentencing provision incorporates the principal term/subordinate term methodology of section 1170.1 . . . ." (*Ibid.*)

Analyzing the text of section 667(e)(1), we reasoned that its use of the phrase " 'otherwise provided' would seem to encompass all sentencing provisions outside the Three Strikes law, except for those provisions that the Three Strikes law expressly abrogates." (*Nguyen*, *supra*, 21 Cal.4th at p. 203.) After determining that nothing in the Three Strikes law abrogates the relevant provisions

8

of section 1170.1, we held that the Three Strikes law's "basic sentencing provision for two strikes defendants [citations] incorporates the principal term/subordinate term methodology of section 1170.1 and that, consistent with that methodology, the trial court here correctly computed subordinate terms by doubling one-third of the middle term for each such offense." (*Nguyen*, at p. 207.)

Most recently, in *Williams*, *supra*, 34 Cal.4th 397, we addressed whether the five-year prior serious felony enhancement can be applied to multiple indeterminate Three Strikes sentences. The defendant in *Williams*, who had two prior strikes, was convicted and sentenced for several current felonies. The trial court imposed four indeterminate sentences of 25 years to life and added a pair of five-year enhancements to each of the minimum terms, resulting in four sentences of 35 years to life. (*Id.* at pp. 400–401.) In affirming the judgment, we distinguished *Tassell* on the ground that section 1170.1 "applies only to *determinate* sentences" and "does not apply to multiple indeterminate sentences imposed under the Three Strikes law." (*Williams*, at p. 402.) Because the Three Strikes law does not distinguish between status-based enhancements and offense-based enhancements in the same manner as section 1170.1, and because the Three Strikes law "generally discloses an intent to use the fact of recidivism to separately increase the sentence imposed for each new offense," we concluded that "section 667(a) enhancements are to be applied individually to each count of a third strike sentence." (*Williams*, at p. 405.)

## III.

Sasser acknowledges that his prior conviction qualifies as a strike. As a result, the parties agree that section 667(e)(1) required the trial court to double the base term for each of his determinate sentences. There is also no dispute that Sasser's prior conviction and all of his current offenses qualify as serious felonies under the five-year enhancement provision of section 667(a)(1). Further, the

9

Attorney General does not contend that the enhancements should have been doubled. The Three Strikes law calls for a "determinate term" that is "twice the term otherwise provided as punishment for *the current felony conviction*" (§ 667(e)(1), italics added), and an enhancement based on a prior conviction is not part of "the term attributable . . . to the current felony conviction" (*People v. Ramirez* (1995) 33 Cal.App.4th 559, 574). Thus, the only question before us is whether the trial court erred in adding a five-year prior serious felony enhancement to each of Sasser's seven determinate terms.

The Court of Appeal's analysis began with the premise that Sasser, unlike the defendant in *Tassell*, "was not sentenced under section 1170.1, but under the Three Strikes Law." This premise is incorrect. Although we have said the Three Strikes law "is a comprehensive, integrated sentencing scheme that applies to all cases coming within its terms" (*People v. Casper* (2004) 33 Cal.4th 38, 41), it does not operate to the exclusion of the rest of the Penal Code. The Three Strikes law abrogates some non-Three Strikes provisions, expressly incorporates others, and implicitly adopts still others.

The sentence at issue here illustrates this interaction. For each of Sasser's seven determinate terms, the trial court began with a base term of six years, i.e., the middle-term sentence for rape, sodomy, and oral copulation under the determinate sentencing scheme. (§§ 264, subd. (a), 286, subd. (c)(2)(A), 288a, subd. (c)(2)(A).) When sentencing a defendant consecutively for multiple determinate offenses, the court typically may only impose "one-third of the middle term" for each offense beyond the principal term. (§ 1170.1(a).) But since all of Sasser's convictions were forcible sex offenses (§ 667.6, subd. (e)), section 667.6(c) authorized the court to disregard that limitation and impose seven full base terms. Then, for each of the seven counts, the trial court applied the Three Strikes law to double the six-year base term "otherwise provided." (§ 667(e)(1).)

10

Only then did the court consider application of the five-year prior serious felony enhancement under section 667(a)(1). As this summary shows, Sasser's determinate sentences were the product of multiple sentencing schemes.

While acknowledging that the issue in this appeal "arises at the intersection" of several sentencing provisions, the Attorney General adopts the Court of Appeal's view that Sasser was not sentenced under the DSL. The Attorney General relies on *Williams*, where we said that section 1170.1 "does not apply to multiple indeterminate sentences imposed under the Three Strikes law." (*Williams*, *supra*, 34 Cal.4th at p. 402.) But *Williams* said nothing about application of enhancements to second-strike defendants who receive doubled determinate sentences under section 667(e)(1). *Williams* addressed the applicability of enhancements in the context of indeterminate sentences imposed on "each count of a third strike sentence." (*Id.* at p. 405.) We had no occasion to consider sentences arising in other contexts that implicate the Three Strikes scheme.

Indeed, by emphasizing that "[s]ection 1170.1 . . . applies only to *determinate* sentences," *Williams* recognized that the distinction between determinate and indeterminate sentences is key to understanding whether a defendant is sentenced under the DSL. (*Williams*, *supra*, 34 Cal.4th at p. 402.) *Williams* began its analysis by acknowledging that *Tassell* "held that when imposing a *determinate* sentence on a recidivist offender convicted of multiple offenses, a trial court is to impose an enhancement for a prior conviction only once . . . ." (*Williams*, at p. 400.) But, we concluded, "*Tassell*'s holding does not apply to multiple *indeterminate* third strike sentences . . . ." (*Ibid.*) In other words, the reason *Tassell* did not control in *Williams* was that the DSL did not apply, and the reason the DSL did not apply was that the Three Strikes law mandates "an indeterminate term of life imprisonment" for third-strike defendants. (§ 667,

11

subd. (e)(2)(A); see *Williams*, at p. 402.) In the second-strike context, "the determinate term" to be doubled under section 667(e)(1) is calculated by reference to the DSL unless another statute provides otherwise.

Our decision in *Nguyen* further indicates that the DSL and Three Strikes law are intertwined. There we said the Three Strikes provision for second-strike defendants incorporates section 1170.1's principal term/subordinate term scheme. (*Nguyen*, *supra*, 21 Cal.4th at p. 207.) Although *Nguyen* did not address sentencing enhancements based on prior convictions, its logic applies to the present context. We explained in *Nguyen* that because the Three Strikes law expressly abrogates certain provisions of section 1170.1, its failure to mention other provisions "supports the conclusion that features not expressly abrogated remain effective and have been incorporated into the Three Strikes law's consecutive sentencing scheme." (*Nguyen*, at p. 204). Sasser is a second-strike offender, subject to the same Three Strikes provision at issue in *Nguyen*, and nothing in the statutory language expresses an intent to abrogate section 1170.1's system for applying enhancements to multiple determinate sentences.

Nor is *Nguyen* distinguishable or section 1170.1 rendered inapplicable on the ground that Sasser was sentenced under section 667.6(c). As noted, that provision says that "[i]n lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation" of enumerated sex offenses "if the crimes involve the same victim on the same occasion." (§ 667.6(c).) In *People v. Belmontes* (1983) 34 Cal.3d 335, 346, we referred to section 667.6(c) as "a separate and alternative sentencing scheme for offenses that fall within its ambit." *Tassell*, in turn, cited *Belmontes* for the proposition that section 667.6(c) "provides, as an alternative to consecutive sentencing under section 1170.1, a much harsher sentencing scheme for persons convicted of forcible sex offenses." (*Tassell*, *supra*, 36 Cal.3d at p. 91.) But *Tassell* did not

12

conclude that section 667.6(c) completely supplants section 1170.1 in any case where it applies.

Like Sasser, the defendant in *Tassell* was sentenced "pursuant to the special sentencing provisions of section 667.6, subdivision (c) for forcible sex offenses" and thus could receive full consecutive terms for both of his current offenses. (*Tassell*, *supra*, 36 Cal.3d at p. 89.) In referring to section 667.6(c) as "an alternative *to consecutive sentencing* under section 1170.1" (*Tassell*, at p. 91, italics added), *Tassell* made clear that section 667.6(c) supplants the manner of calculating consecutive sentences specified in section 1170.1. Specifically, section 667.6(c) "allows the court in its discretion to sentence a defendant to full term consecutive sentences rather than the 'one-third of the middle term' consecutive sentence formula set forth in section 1170.1, subdivision (a)." (*Tassell*, at p. 91.) *Tassell* did not hold or suggest that section 667.6(c) supplants the manner of applying enhancements for prior convictions under section 1170.1. Instead, *Tassell* relied on section 1170.1(a) in concluding that "enhancements for prior convictions [citations] are to be added just once." (*Tassell*, at p. 91.)

Thus, in light of *Tassell*, section 667.6(c)'s phrase "[i]n lieu of the term provided in Section 1170.1" refers to the calculation of principal and subordinate terms for current offenses, not to the application of prior conviction enhancements. In authorizing "a full, separate, and consecutive term . . . for each violation of [a current forcible sex] offense," section 667.6(c) leaves in place the default rule that "any additional term imposed for applicable enhancements for prior convictions" (§ 1170.1(a)) should be imposed separately after calculating the determinate terms for the current offenses. Here, as in *Tassell*, section 1170.1 governs enhancements for prior convictions even when the defendant has been sentenced to a determinate term under section 667.6(c).

Once it is understood that Sasser's enhancements for prior convictions are governed by section 1170.1, *Tassell*'s interpretation of that statute controls. As *Tassell* explained, section 1170.1 draws an important distinction between offense-based enhancements, which apply to every relevant count, and status-based enhancements, which apply only once. (*Tassell*, *supra*, 36 Cal.3d at p. 90.) According to section 1170.1(a), the aggregate term of imprisonment "shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions . . . ." This structure "makes it very clear that enhancements for prior convictions do not attach to particular counts but instead are added just once as the final step in computing the total sentence." (*Tassell*, at p. 90.)

We acknowledge that *Tassell*, in addition to relying on section 1170.1, also discussed section 667.6, subdivision (a), which was the statutory basis for one of the defendant's enhancements. *Tassell* observed that "[w]hile the Legislature enacted section 667.6, subdivisions (a) and (b) to increase the length of enhancements for prior convictions of recidivist sex offenders, there is no indication that it intended that such enhancements be otherwise treated differently than those in section 667.5." (*Tassell*, *supra*, 36 Cal.3d at p. 91.) In concluding that section 1170.1(a) "makes it clear that enhancements for prior convictions (§§ 667.5, 667.6, 12022.1) are to be added just once" (*Tassell*, at p. 91), *Tassell* cited a Court of Appeal decision holding that the plain language of sections 667.5 and 667.6, subdivision (a) — which refer to "a[n]" enhancement for "each" prior conviction — establishes that "only *one* enhancement for the prior is imposed, not one enhancement on each new conviction." (*People v. Carter* (1983) 144 Cal.App.3d 534, 544–545 (*Carter*).)

But whatever reliance *Tassell* may have placed on *Carter* or section 667.6, subdivision (a), we have since understood *Tassell*'s holding to rest on section

14

1170.1. (*Williams*, *supra*, 34 Cal.4th at p. 402 ["*Tassell* relied on the language of section 1170.1 . . . in concluding that at sentencing a trial court must impose a sentence enhancement for a prior felony conviction — including a section 667(a) enhancement — only once, regardless of the number of new felony offenses."]; *id.* at p. 403 [*Tassell* is "not controlling or even helpful" in the third-strike context because it "relied on section 1170.1"].) Moreover, even if we were to treat *Tassell*'s discussion of section 667.6, subdivision (a) as an alternative basis for *Tassell*'s holding, it would only strengthen Sasser's position. The enhancement provision here, similar to the statutes discussed in *Carter*, refers to "*a* five-year enhancement for *each* such prior conviction." (§ 667, subd. (a)(1), italics added; see *Carter*, *supra*, 144 Cal.App.3d at pp. 544–545.)

The Legislature's subsequent amendment of section 1170.1 implicitly recognizes *Tassell*'s distinction between offense-based and status-based enhancements. In 1997, three years after enactment of the Three Strikes law, the Legislature added to section 1170.1 the explanation that the principal term includes "any term imposed for applicable specific enhancements" and that the subordinate term for violent felonies includes "one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1(a), as amended by Stats. 1997, ch. 750, § 3, pp. 5065–5066.) The same act created section 1170.11, which defined the term "specific enhancements." (§ 1170.11, added by Stats. 1997, ch. 750, § 4, p. 9067.) In its current form, this provision states that as "used in Section 1170.1, the term 'specific enhancement' means an enhancement that relates to the circumstances of the crime." (§ 1170.11.) The five-year prior serious felony enhancement is a status-based enhancement; therefore, it is not a "specific enhancement" that may be added to each individual count.

15

The Legislature's consistent use of the phrase "any additional term" in section 1170.1 bolsters this conclusion. Under section 1170.1 as it existed at the time of *Tassell*, the aggregate term for multiple offenses was "the sum of the principal term, the subordinate term, and any additional term imposed pursuant to Section 667.5, 667.6 or 12022.1." (As amended by Stats. 1982, ch. 1551, § 1.5, p. 6048; see *Tassell*, *supra*, 36 Cal.3d at p. 90, fn. 11, quoting former § 1170.1(a).) The Legislature has amended section 1170.1 numerous times since *Tassell*, yet it has never seen fit to change the singular phrase "any additional term" to the plural "any additional terms."

We are unpersuaded that the Three Strikes law's goal of punishing recidivists should change our conclusion. The Three Strikes law's "purpose is not a mantra that the prosecution can invoke in any Three Strikes case to compel the court to construe the statute so as to impose the longest possible sentence." (*People v. Garcia* (1999) 20 Cal.4th 490, 501.) As we recognized in *Nguyen*, the Three Strikes law expressly abrogates certain preexisting sentencing provisions, but it is intended to work in concert with those it does not abrogate. (*Nguyen*, *supra*, 21 Cal.4th at pp. 203–204.)

Because the determinate portion of Sasser's sentence was subject to section 1170.1, the prior serious felony enhancement should have been applied only once to that portion of his overall sentence.

**CONCLUSION**

For the reasons above, we vacate Sasser's stayed sentence of 229 years to life and remand to the Court of Appeal with instructions to remand for resentencing.

LIU, J.


WE CONCUR:

CANTIL-SAKAUYE, C. J.
WERDEGAR, J.
CHIN, J.
CORRIGAN, J.
CUÉLLAR, J.
KRUGER, J.

17

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Sasser

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 223 Cal.App.4th 1148
**Rehearing Granted**

_____

**Opinion No.** S217128
**Date Filed:** April 23, 2015

_____

**Court:** Superior
**County:** Alameda
**Judge:** C. Don Clay

_____

**Counsel:**

Dirck Newbury, under appointment by the Supreme Court, for Defendant and Appellant.

Ronald L. Brown, Public Defender (Los Angeles), Albert J. Menaster and Albert Camacho, Jr., Deputy Public Defenders, for Los Angeles County Public Defender as Amicus Curiae on behalf of Defendant and Appellant.

William J. Arzbaecher III for California Public Defender's Association as Amicus Curiae on behalf of Defendant and Appellant.

Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan, Catherine A. Rivlin and Gregg E. Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Dirck Newbury
P.O. Box 5575
Berkeley, CA  94705
(510) 644-1371

Gregg E. Zywicke
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-5961