Filed 12/7/20  P. v. Sanford CA2/5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B303464 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA248066) |
| v. | |
| ROBERT LIONEL SANFORD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Abzug, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant Robert Sanford (defendant) was convicted of a single count of robbery (Pen. Code,[1] § 211) in 2004. The trial court found true allegations that defendant sustained four prior serious felony convictions (§ 667(a)(1)), served three prior prison terms (§ 667.5(b)), and sustained four prior felony convictions within the meaning of the Three Strikes law (§§ 667(b)-(i), 1170.12). The trial court struck three of defendant's prior strike convictions in the interest of justice pursuant to section 1385 and sentenced defendant to serve 30 years in prison.

Defendant filed a series of motions challenging his sentence in 2019. This appeal concerns defendant's October 2019 motion to vacate and correct an unauthorized sentence. Citing *People v. Tassel* (1984) 36 Cal.3d 77 (*Tassel*), defendant argued prior conviction enhancements under section 1170.1 do not attach to particular counts but instead are added just once as the final step in computing the total sentence. The trial court denied the motion, believing *Tassell* had been overruled and, regardless, its reasoning did not apply to defendant's sentence.[2] In a motion for reconsideration, defendant contended the holding in *Tassell* was reaffirmed in *People v. Sasser* (2015) 61 Cal.4th 1 (*Sasser*). The trial court denied the motion for reconsideration.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *Tassell* was overruled in *People v. Ewoldt* (1994) 7 Cal.4th 380, but only "to the extent . . . [*Tassell*] hold[s] that evidence of a defendant's uncharged similar misconduct is admissible to establish a common design or plan only where the charged and uncharged acts are part of a single, continuing conception or plot." (*Id*. at 401.)

Defendant noticed an appeal from the trial court's order denying his October 2019 motion. This court appointed counsel to represent defendant. After examining the record, counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that raised no issues and asked us to independently review the record. We invited defendant to personally submit a supplemental brief, and defendant filed a three-page brief reiterating his argument, based on *Tassell* and *Sasser*, that his sentence is unlawful because it includes multiple enhancements.

*Tassell* and *Sasser* provide no basis for reversal. Those cases discuss the circumstances under which enhancements should be added only once to the determinate term of a defendant's overall sentence, as opposed to each of several counts. (*Sasser*, 61 Cal.4th at 6 ["[W]hen a defendant's second-strike sentence includes multiple terms for several offenses, calculating the correct sentence can become more complex. We granted review to determine whether the prior serious felony enhancement may be applied to the term imposed for each current offense or only once to the determinate portion of the overall sentence"]; *Tassell*, 36 Cal.3d at 90.) The holdings in *Tassell* and *Sasser* do not apply here because defendant's sentence includes multiple enhancements added to a single charged offense.

Having considered and rejected defendant's assignment of error, and having conducted our own examination of the record, we are satisfied defendant's attorney has complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *Wende, supra*, 25 Cal.3d at 441.)

DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.


We concur:



RUBIN, P. J.



KIM, J.