Filed 12/16/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>PAUL ESTRADA,<br><br>        Defendant and Appellant. | A160032<br><br>(Solano County<br>Super. Ct. No. FC33461) |

      Paul Estrada appeals from a post-judgment order denying his petition for resentencing under Penal Code section 1170.91.[1]  We agree with the trial court that Estrada is not eligible for resentencing and affirm.

**BACKGROUND**

**A.**

      Since 2015, California law has required sentencing courts to consider, as mitigating factors weighing in favor of a low-term determinate sentence, any trauma, substance abuse, and mental health problems caused by a defendant's service in the United States military.  (§ 1170.91, subd. (a); *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 236, 238.)  In 2018, the Legislature amended section 1170.91 to allow those sentenced for a felony conviction before January 1, 2015 to petition for a resentencing hearing at

---

[1] Undesignated statutory references are to the Penal Code.

which the court could consider mitigating factors related to military service. (§ 1170.91, subds. (b)(1), (3); *People v. Bonilla-Bray, supra,* at pp. 236, 238.)

**B.**

Estrada killed his estranged wife. In 1993, he pled no contest to second degree murder (§ 187, subd. (a)) and admitted a deadly weapon use enhancement allegation (§ 12022, subd. (b)) for his use of a knife. He was sentenced to an aggregate prison term of 16 years to life. Estrada's sentence consists of an indeterminate 15-years-to-life term for the murder (§ 190, subd. (a)), plus a consecutive one-year term for the weapon use enhancement. On direct appeal, this court affirmed the judgment.

In 2019, Estrada filed a petition in propria persona seeking resentencing under section 1170.91, subdivision (b). In support, he attached evidence of his military service and substance abuse (which allegedly began during his military service). After appointing counsel to represent Estrada, the trial court ruled he was statutorily ineligible for resentencing under section 1170.91 because he was serving an indeterminate term.

**DISCUSSION**

**A.**

Estrada contends the trial court misconstrued section 1170.91. After reviewing the question independently (*People v. Bonilla-Bray, supra,* 49 Cal.App.5th at p. 237), we disagree.

**1.**

Section 1170.91, subdivision (a), provides: "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the

circumstance as a factor in mitigation *when imposing a term under subdivision (b) of Section 1170.*"  (Italics added.)

Subdivision (b)(1) of section 1170.91 provides:  "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, *to request resentencing pursuant to subdivision (a)* if the person meets both of the following conditions: [¶] (A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing. [¶] (B) The person was sentenced prior to January 1, 2015.  This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015."  (Italics added.)

**2.**

Estrada incorrectly asserts section 1170.91, subdivision (b)(1), does not limit resentencing eligibility to those serving determinate sentences pursuant to section 1170, subdivision (b).

The plain language of the statute is clear.  A petitioner meeting section 1170.91 subdivision (b)(1)'s requirements may obtain "resentencing pursuant to subdivision (a)."  (§ 1170.91, subds. (b)(1), (3).)  In turn, subdivision (a) of the statute provides that the trial court shall consider mitigating factors related to the defendant's military service "*when imposing a term under subdivision (b) of Section 1170.*"  (§ 1170.91, subd. (a)), italics added.)  In

other words, section 1170.91 only applies to determinate terms imposed under section 1170, subdivision (b). (See *People v. King* (2020) 52 Cal.App.5th 783, 786 [section 1170.91, subdivision (b)(1), "provides for resentencing of military members or veterans suffering from certain mental health and substance abuse problems as a result of military service *if they were sentenced to a determinate term* prior to January 1, 2015, and the sentencing court did not consider the mental health and substance abuse problems as factors in mitigation"], italics added.)

Section 1170, subdivision (b), describes the sentencing court's discretion to choose an aggravated, middle, or lower *determinate* term based on its consideration of mitigating and aggravating factors. (§ 1170, subd. (b); *People v. King*, *supra*, 52 Cal.App.5th at pp. 788, 791.) The statute governing punishment for murder provides that, with exceptions not applicable here, "every person guilty of murder in the second degree *shall* be punished by imprisonment in the state prison for a term of 15 years to life." (§ 190, subd. (a), italics added.) At the time Estrada was sentenced, the statute provided the same mandatory sentence. (Stats. 1987, ch. 1006, § 1.) Sentences of life imprisonment and sentences of a number of years to life, such as Estrada's term for second degree murder (§ 190, subd. (a)), are not subject to the determinate sentencing law (§ 1170 et seq.). (§ 1168, subd. (b); *People v. Sasser* (2015) 61 Cal.4th 1, 8; *People v. Felix* (2000) 22 Cal.4th 651, 659.) Had the Legislature intended for section 1170.91 to apply to indeterminate terms imposed under section 1168, subdivision (b), it would not have specifically limited the statute's application to terms imposed under section 1170, subdivision (b).

The trial court did not err in construing section 1170.91.

4

## B.

We also reject Estrada's alternative argument—that he is statutorily eligible for recall and resentencing under section 1170.91, subdivision (b)(1), because he requested resentencing to a determinate term for voluntary manslaughter, a lesser offense of murder.

Voluntary manslaughter is punishable by a determinate term. (§§ 193, subd. (a) [specifying a sentencing triad of three, six, or 11 years], 1170, subd. (b).) However, Estrada pled no contest to second degree murder, not voluntary manslaughter. Estrada does not cite authority to support his claim that the trial court is empowered, on consideration of a section 1170.91 resentencing petition, to modify a final judgment so that he is convicted of a lesser crime. Had the Legislature intended this result, it would have said so. It did not. (§ 1170.91.)

Finally, Estrada maintains that his one-year term on the enhancement is subject to resentencing. The one-year enhancement term may be determinate, but enhancement terms are imposed pursuant to section 1170.1, subdivision (d) and not section 1170, subdivision (b). Section 1170.91 provides for mitigation consideration of military service only with respect to determinate sentences imposed pursuant to section 1170, subdivision (b). (§ 1170.91, subd. (a).) Section 1170.91 does not apply to any component of Estrada's sentence.

### DISPOSITION

The order denying Estrada's petition for resentencing is affirmed.

_____
Burns, J.

WE CONCUR:


_____
Needham, Acting P. J.


_____
Reardon, J.[*]


(A160032)

---

[*] Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Solano County Superior Court

Trial Judge:  The Honorable Carlos Gutierrez

Audrey R. Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, Roni Dina Pomerantz, Deputy Attorney General for Plaintiff and Respondent.