Filed 6/21/24  P. v. Ayala CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FELIX RUBEN AYALA, JR., et al.,<br><br>    Defendants and Appellants. | C098515<br><br>(Super. Ct. Nos.<br>CRF16000559601,<br>CRF16000559603) |

Defendants Felix Ruben Ayala, Jr., (Phil)[1] and Jose Orlando Luna were resentenced in March 2023 following remand from this court. The People concede both defendants are entitled to a second remand for full resentencing. We accept the People's concession, which obviates the need to address all of defendants' assertions of sentencing

---

[1] Because Felix Ruben Ayala, Jr., (born in 1971) shares the same name as one of his co-defendants, we continue to refer to him as he has been referred to on appeal and in the trial court—as Phil—even though the other Felix Ruben Ayala (born in 1979 and known as "Ruben") is not a party to this appeal.

1

error. We will, however, address Phil's and the People's dispute regarding the nature of his conviction in count 32. As we will explain, Phil was convicted in count 32 of conspiracy to commit *second* degree robbery. We vacate the sentences imposed and remand for a full resentencing in accordance with this opinion.

## I. BACKGROUND

In 2017, a jury convicted Luna, Phil, and Ruben of conspiracy to commit robbery on four separate dates in October 2015 (counts 2, 7, 21, 32) and additional charges related to each conspiracy:

With respect to their October 4, 2015 conspiracy (count 2), defendants were also convicted of the murder of Bradley (count 1), robbery in concert of Bradley (count 3), first-degree residential burglary (count 4), assault with a firearm on Bradley (count 5), and false imprisonment by violence of Bradley (count 6).

With respect to their October 25, 2015 conspiracy (count 7), defendants were also convicted of kidnapping for robbery of Robert and Joe (counts 8 and 9), robbery in concert of Robert, Michael, Jennifer, Michael's father, and Michael's mother (counts 10-14), first degree burglary of a home occupied by Robert (count 15), first degree burglary of a home occupied by Michael and Jennifer (count 16), assault with a firearm on Robert (count 17), false imprisonment by violence of Jennifer's children (counts 18 and 19), and cutting a utility line (count 20).

With respect to their October 26, 2015 conspiracy (count 21), defendants were also convicted of second degree robbery of B.T., Marc, Jason, and Taylor (counts 22-25), assault with a semiautomatic firearm on B.T. and Taylor (counts 26 and 27), false imprisonment by violence of Marc, Jason, and Taylor (counts 28-30), and taking or driving a vehicle without the owner's consent (count 31).

With respect to their October 2, 2015 conspiracy (count 32), defendants were also convicted of attempted residential robbery in concert (count 33), attempted first-degree

residential burglary (count 34), and assault with a semiautomatic firearm on B.T. (count 35).

The jury found true that each defendant was armed with a firearm as to all counts. (Pen. Code, § 12022, subd. (a)(1).)[2] Additionally, the jury found true that the robberies or attempted robbery referred to in counts 3, 10-14, and 33 were in the first degree.

The jury also found true that Phil personally used a firearm in the commission of counts 7 through 14 (§§ 12022.5, subd. (a), 12022.53, subd. (b)) and 15 through 20 (§ 12022.5, subd. (a)).

In a bifurcated proceeding, the court found that Phil had suffered two prior manslaughter convictions in New York that qualified as serious and violent felonies under section 667, subdivision (a)(1) and the three strikes law (§ 1170.12).

Defendants were originally sentenced in June 2018.

In an August 2020 opinion, a different panel of this court concluded there was insufficient evidence to support defendants' convictions as to count 31. This court also held the evidence was insufficient to support the trial court's finding that one of Phil's New York convictions for manslaughter was a serious felony and a strike under California law for sentencing purposes. This court accepted the People's concession that defendants' sentences on counts 5, 6, 20, and 30 must be stayed pursuant to section 654. This court further concluded the abstracts of judgment must be corrected to reflect defendants were convicted of first degree murder, and Ruben's and Luna's abstracts of judgment must be corrected to reflect an unstayed term of life in prison with the possibility of parole with respect to counts 8 and 9. Additionally, as to Ruben and Luna, the trial court had imposed an unauthorized sentence on count 32 and was instructed to instead impose a sentence of nine years on count 35.

---

[2] Undesignated statutory references are to the Penal Code.

3

Defendants petitioned our Supreme Court for review. The court denied Ruben's petition and granted Phil's and Luna's petitions. In August 2021, the Supreme Court transferred the matter back to this court, with directions to vacate its decision and reconsider the cause in light of *People v. Lemcke* (2021) 11 Cal.5th 644. In October 2021, this court issued a revised opinion that addressed *Lemcke* and reached the same ultimate conclusions. Only Phil petitioned our Supreme Court for review again. In December 2021, the Supreme Court granted review and transferred the matter back to this court with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551, § 2). After Phil and the People filed supplemental briefs, in April 2022, this court reissued its most recent prior opinion with revisions to address this issue. The April 2022 opinion reversed Phil's conviction for murder and remanded the matter to the trial court to provide the People an opportunity to retry him on a legally viable theory of murder. The disposition now stated, in relevant part, "*If the People elect not to do so, Phil shall be resentenced in a manner that is consistent with this opinion*." (Italics added.)

The disposition as to Ruben and Luna remained unchanged from the vacated August 2020 and October 2021 opinions because they had neither petitioned for review nor submitted any additional briefing. The disposition as to them did not explicitly order resentencing.

In October 2022, the probation department submitted supplemental presentencing reports following review of this court's opinion on transfer. On March 20, 2023, the probation department submitted new presentencing reports that incorporated recent changes to the determinate sentencing law and the fact Luna had filed a petition to vacate his murder conviction (count 1) under section 1172.6. The People had conceded Luna was entitled to relief under this statute.

On March 28, 2023, Phil and Luna were resentenced. At the resentencing hearing, the trial court explained that the People submitted they did not intend to retry count 1.

4

The People took the position that based on this court's opinion and "the pretty strict construction of how a re-sentencing is suppose[d] to occur under [section] 1172.6 that this is actually not a really [*sic*] sentencing hearing." The court accepted this argument and stated it was limiting the hearing "to imposing a sentence pursuant to instructions by the appellate court on remittitur." It sentenced Phil to life in prison plus a determinate term of 177 years and 8 months. The court sentenced Luna to life in prison plus a determinate term of 31 years and four months.

## II.  DISCUSSION

### A.  *Defendants Are Entitled to a Full Resentencing*

The People concede the matter should be remanded for a full resentencing as to both defendants. We accept this concession.

#### 1.  *Phil*

As relevant to his arguments on appeal, Phil's sentence includes nine 5-year enhancements for prior serious felony convictions attached to the determinate terms on counts 2, 12, 13, 14, 23, 24, 26, 27, and 32. The trial court also imposed full (rather than one-third) term firearm enhancements on counts 2, 12, 13, 14, 18, 19, 23, and 24.

Phil argues the application of more than one prior serious felony enhancement to the determinate term was unauthorized because we upheld only one true finding that he had a prior serious felony conviction. (*People v. Sasser* (2015) 61 Cal.4th 1, 7.) Additionally, Phil argues the trial court was not authorized to impose full term firearm enhancements on counts 2, 12, 13, 14, 18, 19, 23, and 24, because he has been resentenced to consecutive subordinate determinate (rather than indeterminate) terms on those counts. (§ 1170.1, subd. (a).) The People state that both claims are moot due to their concession that a full resentencing is required. We agree with Phil. As a result, we strike these portions of his sentence and remand for resentencing.

Because we are (again) vacating portions of Phil's sentence, he is (again) entitled to a full resentencing. Under the full resentencing rule, "when part of a sentence is

stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893; accord *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425.)

In 2021, after defendants' original sentencing, "the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No, 81), which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Phil argues the matter should be remanded to allow the trial court to exercise its informed discretion whether to dismiss an enhancement pursuant to Senate Bill No. 81. We need not directly address this argument because we are already remanding for a full resentencing, at which time the court must apply the current version of section 1385. (*Sek, supra*, at p. 674.)

### 2. *Luna*

Luna argues the trial court abused its discretion in refusing to fully resentence him and apply any ameliorative changes in the law, such as Senate Bill No. 81, that had gone into effect since his first sentencing. Luna further contends that, separate from the trial court's refusal to reconsider all aspects of his sentence under the full resentencing rule, the trial court's imposition of the upper term on count 35 was unauthorized based on changes to section 1170, subdivision (b)(2) that went into effect January 1, 2022.

In his initial appeal, Luna did not seek a full resentencing, perhaps because the trial court had indicated a desire to impose the maximum sentence possible, and the sentencing laws in effect at the time imposed fewer constraints on the trial court's doing so. He never filed any substantive briefs after transfer. Regardless, at a minimum, Luna's successful petition to vacate his murder conviction pursuant to section 1172.6 should have resulted in vacatur of the murder conviction, recall of the original sentence, and resentencing on any remaining counts "as if [he] had not previously been sentenced."

6

(§ 1172.6, subd. (d)(1).) Luna was entitled to a full resentencing under any new ameliorative laws that apply retroactively to nonfinal judgments based on his successful petition for resentencing under section 1172.6. (*People v. Ramirez* (2021) 71 Cal.App.5th 970, 999-1000.) We accept the People's concession that a full resentencing should have occurred and will remand for the court to conduct one.

Luna alternatively argues we should correct clerical errors in the abstract of judgment if we do not remand the matter for a full resentencing. Because we remand the matter for a full resentencing, we need not address these arguments. Likewise, our remand for a full resentencing makes it unnecessary for us to decide whether the trial court committed any error under section 1170, subdivision (b)(2) in imposing an upper term on count 35. (*People v. Codinha* (2023) 92 Cal.App.5th 976, 996.) On remand, the trial court must apply the current version of section 1170. (*Codinha, supra,* at p. 996.)

Having accepted the People's concession that both defendants are entitled to a full resentencing, we now turn to the only contested issue in this appeal.

B.     *Phil's Conviction for Conspiracy in Count 32*

The trial court sentenced Phil to an 18-year term on count 32 (nine years doubled for the remaining prior strike). Phil argues this sentence was unauthorized because he was charged with conspiracy to commit second degree robbery, the jury did not specify the degree of the crime he committed in finding him guilty of count 32, and the aggravated base term for conspiracy to commit second degree robbery is five years. (See §§ 182, subd. (a) [When two or more persons conspire to commit a felony, "they shall be punishable in the same manner and to the same extent as is provided for the punishment of that felony. If the felony is one for which different punishments are prescribed for different degrees, the jury or court which finds the defendant guilty thereof shall determine the degree of the felony the defendant conspired to commit. If the degree is not so determined, the punishment for conspiracy to commit the felony shall be that prescribed for the lesser degree, except in the case of conspiracy to commit murder"];

7

213, subd. (a)(2) [prescribing sentencing triad of two, three, or five years for second degree robbery].)  Luna and Ruben raised this issue in their initial appeals and the People conceded it.  The People have chosen to contest the issue now as to Phil, but their current position is incorrect.  Where, as here, the jury does not specify the degree of the felony the defendant conspired to commit, then it is the lesser degree.  (§ 182, subd. (a).)  The People argue the parties understood and operated under the belief that count 32 alleged a conspiracy to commit first degree residential robbery in concert, but do not explain how we can infer the jury made the requisite findings.  While the jury may well have concluded Phil conspired to commit first degree robbery had it been asked to do so, it was not asked to make and did not make such a finding.  (See, e.g., *People v. Swain* (1996) 12 Cal.4th 593, 599-600 ["“Conspiracy is an inchoate crime. . . .  ‘As an inchoate crime, conspiracy fixes the point of legal intervention at [the time] of agreement’ ”]; *id*. at p. 600 [“ ‘[t]o sustain a conviction for conspiracy to commit a particular offense, the prosecution must show not only that the conspirators intended to agree *but also that they intended to commit the elements of that offense*’ ”].)  Thus, Phil was convicted in count 32 of conspiracy to commit second degree robbery and, on remand, the court must sentence him accordingly.

## III. DISPOSITION

The sentences are vacated. The matter is remanded to the trial court with directions to conduct a full resentencing hearing in accordance with this opinion.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

KRAUSE, J.

9