Filed 10/30/25  P. v. Wimberly CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RONALD ALLEN WIMBERLY,<br><br>Defendant and Appellant. | F086276<br><br>(Super. Ct. No. CR21009930)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*]       Before Franson, Acting P. J., Snauffer, J. and Fain, J.[†]

[†]       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Jesica Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Ronald Allen Wimberly contends on appeal that two enhancements under Penal Code section 667, subdivision (a)(1)[1] found true by the trial court were unauthorized and must be stricken.  The People agree, as do we.  We strike two of defendant's section 667, subdivision (a)(1) enhancements.  In all other respects, the judgment is affirmed.

## PROCEDURAL SUMMARY

On December 1, 2021, the Stanislaus County District Attorney filed an information charging defendant with assault with a deadly weapon (§ 245, subd. (a)(1); count 1).  It was further alleged that defendant suffered four prior serious felony convictions (§ 667, subd. (a)(1)) and four prior strike convictions (§ 667, subd. (d)).  Defendant pled not guilty and denied all special allegations.

On March 14, 2022, a jury found defendant guilty on count 1.

On March 16, 2022, in a bifurcated proceeding, the trial court found true the four prior serious felony convictions (§ 667, subd. (a)(1)) and the four prior strike convictions (§ 667, subd. (d)).  On May 5, 2023, the court denied defendant's *Romero*[2] motion, and sentenced defendant on count 1 to an indeterminate term of 25 years to life, pursuant to the "Three Strikes" law (§ 667, subd. (d)), plus 20 years for the four prior serious felony enhancements (§ 667, subd. (a)(1)).

---

[1]     All statutory references are to the Penal Code.

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On May 17, 2023, defendant filed a timely notice of appeal.

## DISCUSSION[3]

Defendant contends two of the five-year enhancements under section 667, subdivision (a)(1) found true by the trial court were unauthorized because they were not brought and tried separately and, accordingly, must be stricken.[4] The People agree, as do we.

### A. Law

Section 667, subdivision (a)(1), provides that " 'any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately.' " (*People v. Sasser* (2015) 61 Cal.4th 1, 9–10; see *People v. Zamora* (2019) 35 Cal.App.5th 200, 206 [" ' "brought and tried separately" means "that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt.' "].) Therefore, where the People bring and try the prior serious felonies "together under the same case number," and the felonies are "adjudicated in the same proceeding" (*People v. Jones* (2015) 236 Cal.App.4th 1411, 1415), the trial court may not impose multiple sentence enhancements under section 667, subdivision (a)(1), for those convictions, and doing so results in an unauthorized sentence. We review for substantial evidence the court's finding the prior convictions were brought and tried separately. (See *People v. Wiley* (1995) 9 Cal.4th 580, 592.)

---

[3] The underlying facts are omitted from this opinion, as they are irrelevant to defendant's appeal.

[4] Defendant also argues the issue was not forfeited by defense counsel's failure to object to the imposition of the enhancements below because the sentence is unauthorized. As an unauthorized sentence is correctable at any time even without objection, we agree. (See *People v. Scott* (1994) 9 Cal.4th 331, 354; see also *People v. Hester* (2000) 22 Cal.4th 290, 295.)

#### B.     Analysis

Here, the information alleged, and the trial court found true, that defendant had four prior serious felony convictions:  a 1998 conviction in Sacramento County Superior Court case No. 98F06133 for criminal threats (§ 422); and three 2004 convictions in Stanislaus County Superior Court case No. 1078114 for burglary (§ 459), assault with a firearm (§ 245, subd. (a)(2)), and making a criminal threat (§ 422, subd. (a)).

We agree with the parties that because three of the prior offenses were charged in the same information and adjudicated in the same proceedings in Stanislaus County case No. 1078114, they were not " 'brought and tried separately.' "  (See *People v. Sasser*, *supra*, 61 Cal.4th at p. 10.)  To the contrary, the three prior offenses were charged together as separate counts under a single case number and were adjudicated together. Accordingly, because they were not " 'formally distinct, from filing to adjudication,' " (*People v. Zamora*, *supra*, 35 Cal.App.5th at p. 206), two of the three prior serious felony enhancements (§ 667, subd. (a)(1)) based on the convictions in Stanislaus County case No. 1078114 must be stricken.  (See *People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13 ["it is well established that the appellate court can correct a legal error resulting in an unauthorized sentence . . . at any time"]; *People v. Picklesimer* (2010) 48 Cal.4th 330, 338 [trial court has jurisdiction to correct an unauthorized sentence at any time].)

### DISPOSITION

Two of defendant's section 667, subdivision (a)(1) enhancements are stricken.[5] The trial court is directed to prepare an amended abstract of judgment reflecting defendant's new sentence, as follows: on count 1, an indeterminate term of 25 years to

---

[5]     As defendant was originally sentenced on count 1 to the maximum indeterminate term of 25 years to life, pursuant to the "Three Strikes" law, remand is unnecessary.  (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 342 ["Because the trial court imposed the maximum possible sentence, there is no need for the court to again exercise its sentencing discretion"]; see also *People v. Buycks* (2018) 5 Cal.5th 857, 896 fn. 15).

life, pursuant to the "Three Strikes" law (§ 667, subd. (d)), plus 10 years for two prior serious felony enhancements (§ 667, subd. (a)(1)). The court is directed to forward the amended abstract of judgment to the appropriate authorities. In all other respects, the judgment is affirmed.