Filed 10/22/21  P. v. Davis CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEPHEN LEON DAVIS,<br><br>    Defendant and Appellant. | F081559<br><br>(Super. Ct. No. BF163173A)<br><br><br>**OPINION** |

## <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Jonathan E. Berger, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

**INTRODUCTION**

This matter returns to us after we affirmed the underlying judgment on appeal but remanded for the court to consider whether to strike or dismiss a prior serious felony conviction under Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill No. 1393), which became effective while this case was pending. Defendant Stephen Leon Davis now appeals again after the trial court denied the motion to strike the prior serious felony conviction and contends the trial court erred in imposing five-year prior felony enhancements under Penal Code section 667, subdivision (a) (section 667(a) or § 667(a))[1] separately to each count sentenced to indeterminate terms. Defendant argues that because he was not sentenced as a third-strike offender under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), the trial court was limited to imposing a single section 667(a) enhancement to the aggregate of his determinate and indeterminate sentences. We disagree and affirm.

**BACKGROUND**

Defendant was charged and tried for multiple offenses stemming from sexual assaults against three different women, identified herein as Doe 1, Doe 2 and Doe 3, on three separate occasions. Doe 1 was assaulted in February 2016; Doe 2 was assaulted in 2008; and Doe 3 was assaulted in January 2016.

Defendant was convicted by jury of all 11 offenses charged, as follows: two counts of rape (§ 261, subd. (a)(2) (count 1 (Doe 1) & count 10 (Doe 3)); five counts of oral copulation by means of force and violence (former § 288a, subd. (c)(2)(A))[2] (counts 2, 3 & 4 (Doe 1), count 9 (Doe 2) & count 11 (Doe 3)); one count of kidnapping

---

[1] All further statutory references are to the Penal Code unless indicated otherwise.

[2] Effective January 1, 2019, former section 288a was renumbered to section 287. (Stats. 2018, ch. 423, § 49, pp. 88–91.) The information here was filed in April 2016 and charged all counts of oral copulation (counts 2, 3, 4, 9 & 11) pursuant to "288A (2) (A)." The information as to these counts was subsequently amended in April 2017 to indicate these counts were brought pursuant to section 288a, subdivision (c)(2)(A).

to commit rape (§ 209, subd. (b)(1) (count 5 (Doe 1)); one count of robbery (§ 212.5, subd. (c) (count 6 (Doe 1))); one count of assault with intent to commit rape (§ 220, subd. (a)(1) (count 7 (Doe 2)); and one count of forcible sexual penetration (§ 289, subd. (a)(1) (count 8 (Doe 2))).

For purposes of the alternative sentencing scheme set forth in section 667.61, known as the One Strike law, the jury found the following special allegations true: defendant kidnapped the victim (§ 667.61, subds. (d)(2), (e)(1) (counts 1–4)); defendant committed the offense during the commission of burglary (§ 667.61. subds. (d)(4), (e)(2) (counts 8 & 9)); defendant personally used a dangerous or deadly weapon or firearm in the commission of the offense (§ 667.61, subd. (e)(3) (counts 1–4 & 8–11)); and there were multiple victims (§ 667.61, subd. (e)(4) (counts 1–4 & 8–11)).  As to count 5, the jury found true the enhancement allegation that defendant committed a felony while using a deadly or dangerous weapon (§ 12022, subd. (b)(1)); and in a bifurcated proceeding, the trial court found true that defendant suffered a prior serious felony conviction for attempted robbery within the meaning of the Three Strikes law (§§ 667, subds. (a) & (c)–(j), 1192.7, subd. (c)(19) & (39)).

The trial court sentenced defendant to a total indeterminate term of 300 years to life in prison plus a total determinate term of 45 years, as follows.  On counts 1, 4, 8, 9, 10 and 11, the court sentenced defendant to fully consecutive indeterminate terms of 25 years to life, doubled to 50 years to life under the Three Strikes law, plus an additional five years on each count for the prior serious felony enhancement.  (§§ 667.61, subds. (a), (i), 667, subds. (a), (e)(1), 667.6, subd. (d).)  On counts 2 and 3, defendant was sentenced to indeterminate terms of 25 years to life, doubled to 50 years, plus five years on each count for the prior serious felony conviction enhancement, to be served concurrently with the sentence on count 1.  On count 6 (robbery), defendant was sentenced to a consecutive upper term of five years, doubled to 10 years, plus an additional five years for the prior

3.

serious felony enhancement.  The sentences on counts 5 and 7 were stayed pursuant to section 654.

On appeal, we remanded under Senate Bill No. 1393, which took effect on January 1, 2019, so that the court could consider whether to exercise its discretion to strike the prior serious felony under amended section 1385.  In all other respects, the judgment was affirmed.

In July 2020, about a month before the hearing took place on defendant's motion to strike his prior serious felony conviction, the trial court received a letter from the Department of Corrections and Rehabilitation (CDCR), indicating the section 667(a) enhancements applied to the entire case and not to individual counts.[3]  The court denied defendant's motion on August 11, 2020, and refused to strike the prior serious felony or strike the additional punishments for the enhancement, and the original sentence remained unchanged.  (See § 1385, subd. (b)(1).)  There was no mention of the CDCR letter at that hearing.  Defendant appeals, arguing the sentence was unauthorized because it added a prior serious felony conviction enhancement to each separate indeterminate term imposed.[4]

## DISCUSSION

Defendant had one prior serious felony conviction under section 667(a), and he was subject to second-strike sentencing under the Three Strikes law.  The section 667(a) enhancement was added to his aggregate determinate term and the enhancement was

---

[3]     The CDCR letter was dated June 11, 2020, stamped "RECEIVED" by the trial court on July 2, 2020, but was not marked "FILED" by the court until August 27, 2020, a few weeks after resentencing.

[4]     The record has been supplemented with an amended indeterminate abstract of judgment issued by the trial court on September 30, 2021.  The prior indeterminate abstract of judgment, issued on August 27, 2020, did not contain an attachment page indicating the sentences imposed for counts 9, 10 and 11.

4.

added separately to *each* of his indeterminate terms.  Defendant challenges the imposition of the section 667(a) enhancement to each indeterminate term.

## I.     Relevant Law

Section 667(a)(1) provides, in relevant part, as follows:

"Any person convicted of a serious felony who previously has been convicted of a serious felony … shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately.  The terms of the present offense and each enhancement shall run consecutively."

In 1984, the Supreme Court held that a status-based prior conviction enhancement may be added only once to multiple new determinate-term offenses under the determinate sentencing law (§ 1170 et seq. (DSL)).  (*People v. Tassell* (1984) 36 Cal.3d 77, 90–91 (*Tassell*), overruled on another ground in *People v. Ewoldt* (1994) 7 Cal.4th 380, 386–387.)  The court explained that determinate terms were governed by section 1170.1, which distinguished between status enhancements (related to the offender) and conduct enhancements (related to the offense), and the statute made clear that status enhancements do not attach to particular counts, but are added just once as the final step in computing the total sentence.  (*Tassell, supra*, at p. 90.)  Although *Tassell* did not involve the prior serious felony enhancement under section 667(a), the Supreme Court has since extended *Tassell*'s holding to section 667(a).  (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1163–1164.)

In *People v. Williams* (2004) 34 Cal.4th 397 (*Williams*) the court held the limitation articulated in *Tassell* did not apply to *indeterminate* terms imposed on a third-strike offender under the Three Strikes law.  (*Williams, supra*, at pp. 402–403.)  *Williams* distinguished *Tassell* for its reliance on section 1170.1 and observed that section 1170.1 applies only to determinate sentences, and not to multiple indeterminate sentences imposed under the Three Strikes law.  (*Williams, supra*, at p. 402.)  Because the Three

5.

Strikes law did not distinguish between status-based enhancements and conduct-based enhancements in the same way as section 1170.1, and because the Three Strikes law "generally discloses an intent to use the fact of recidivism to separately increase the sentence imposed for each new offense" (*Williams, supra*, at p. 405.), the court held section 667(a) enhancements are to "be applied individually to each count of a third strike sentence." (*Williams, supra*, at p. 405.)

Two years after *Williams*, the Fourth District Court of Appeal extended *Williams* to a second-strike offender sentenced under the Three Strikes law in *People v. Misa* (2006) 140 Cal.App.4th 837 (*Misa*). There, the defendant was sentenced to a determinate term for an assault conviction and an indeterminate life term for a torture conviction under section 206. (*Misa, supra*, at pp. 841, 846.) Due to a prior conviction for a serious or violent felony (a strike), the sentences were doubled under section 667, subdivision (e)(1) (section 667(e)(1) or § 667(e)(1)), of the Three Strikes law. (*Misa, supra*, at p. 846.) The court then imposed the section 667(a) enhancement to both the determinate sentence and the indeterminate sentence. (*Misa, supra*, at p. 846.) *Misa* acknowledged *Williams* was not "directly dispositive" of the issue because Misa was subjected to an indeterminate sentence because of the torture count, not because of the Three Strikes law. (*Misa, supra*, at p. 846.)

*Misa* nonetheless concluded a logical application of the *Williams* analysis would apply to second-strike offenders with indeterminate terms. (*Misa, supra*, 140 Cal.App.4th at p. 846.) The court noted that section 667(e), on which *Williams* relied in part, applies equally to second-strike offenders—namely, that second- and third-strike punishments are to apply in addition to any other enhancement or punishment provisions that apply. (*Misa, supra*, at p. 846, citing *Williams, supra*, 34 Cal.4th at p. 402.) Also equally applicable to second-strike offenders with indeterminate terms was *Williams*'s reasoning that the section 667(a) enhancement was enacted as part of a statutory scheme intended to increase sentences for recidivist offenders, and that adding the five-year

6.

enhancement separately to a third-strike sentence for each new serious felony conviction is not inconsistent with the intent to increase sentences for recidivist offenders. (*Misa, supra*, at pp. 846–847.) Finally, just as relevant to second-strike offenders with indeterminate terms was *Williams*'s rationale that the Three Strikes law does not draw any distinction between status enhancements and conduct enhancements, and generally discloses an intent to use the fact of recidivism to separately increase the sentence imposed for each new offense. (*Misa, supra*, at pp. 846–847, citing *Williams, supra*, at pp. 402, 404–405.) *Misa* concluded that, although Misa was a second-strike offender rather than a third striker, he was nonetheless a recidivist and subject to the section 667(a) enhancement on the torture count even though he received another five-year section 667(a) enhancement on that assault count. (*Misa, supra*, at p. 847.)

In 2015, the Supreme Court considered in *People v. Sasser* (2015) 61 Cal.4th 1 (*Sasser*) whether a determinate, second-strike sentence is free of the constraints of the DSL regarding status-based enhancements because the defendant is also being sentenced under the Three Strikes law. (*Sasser, supra*, at pp. 6–7.) The court concluded the DSL applies even though the sentence was doubled as a second strike under the Three Strikes law. (*Sasser, supra*, at p. 7.) The court explained the key to determining whether section 1170.1 applies is *not* whether the defendant is being sentenced under the Three Strikes law, the DSL, another alternative sentencing scheme or some combination of all of them. (*Sasser, supra*, at p. 13.) The fundamental question is whether the defendant is being sentenced to a determinate term or an indeterminate term. (*Ibid.*) Because the relevant counts in *Sasser* were subject to determinate terms, the Three Strikes law did not abrogate the DSL by doubling those determinate terms, and those counts remained governed by section 1170.1 and the limitation on status-based enhancements.

## II. Section 667(a) Enhancement Imposed on Each Indeterminate Term

As noted above, defendant was subject to multiple indeterminate life terms under the One Strike law because aggravating circumstances surrounding the sexual assaults he

committed were found true, as well as an indeterminate life term for count 5, kidnapping to commit rape, as mandated by section 209, subdivision (b)(1).[5] The court also imposed two determinate terms for count 6 (robbery, § 212.5) and count 7 (assault with intent to commit rape, § 220, subd. (a)(1)).

Then, defendant was subject to the Three Strikes law because he had a serious prior felony for attempted robbery that was found true; as a result, all of the indeterminate *and* determinate terms were doubled. (§ 667(e)(1) ["If a defendant has one prior serious or violent felony conviction …, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."]; *People v. Acosta* (2002) 29 Cal.4th 105, 128 [One Strike law and Three Strikes law are applied cumulatively].)

Finally, the court imposed a separate five-year enhancement under section 667(a) to each count with *indeterminate* terms, and added one 5-year section 667(a) enhancement to the aggregate determinate term.[6]

Defendant contends *Williams* applies *only* to third-strike sentences in the wake of *Sasser*, and that *Sasser* is fatal to *Misa*, which relied on *Williams* and the character of the Three Strikes law to justify the imposition of multiple section 667(a) enhancements in the second-strike context.

*Sasser* did not abrogate *Williams*'s reasoning or render it inapplicable to second-strike sentencing of *indeterminate* terms. The crux of *Sasser* was that the doubling of Sasser's *determinate* terms under the Three Strikes law did not abrogate the DSL and its

---

[5]    Section 209, subdivision (b)(1), provides that "[a]ny person who kidnaps or carries away any individual to commit robbery, rape, spousal rape, oral copulation, sodomy, … shall be punished by imprisonment in the state prison for life with the possibility of parole."

[6]    When asked by the court during the original sentencing in April 2017 about the multiple section 667(a) enhancements recommended by probation, the probation officer explained that enhancement could be imposed "as to each indeterminate count but only once for—per determinate count."

limitation on status-based enhancements under section 1170.1 as articulated in *Tassell*. (*Sasser, supra*, 61 Cal.4th at p. 15 ["Once it is understood that Sasser's enhancements for prior convictions are governed by section 1170.1, *Tassell*'s interpretation of that statute controls."].)  But indeterminate terms, like that of third-strike offenders, are completely outside the ambit of the DSL and its limitations.  (*Tassell, supra*, at p. 8 ["Today, most sentences are imposed under the DSL, and only death sentences and sentences of life imprisonment fall entirely outside its ambit."]; § 1170, subd. (a)(3) [the DSL does not "affect any provision of law that … expressly provides for imprisonment in the state prison for life"]; *Williams, supra*, 34 Cal.4th at p. 402 [§ 1170.1 applies only to determinate sentences]; *People v. Felix* (2000) 22 Cal.4th 651, 659 [a sentence for some number of years to life is an indeterminate sentence not subject to the DSL].)  This is what sets *Sasser* apart from *Williams*, despite that both involved application of the Three Strikes law.

Pursuant to *Tassell*, *Williams*, and *Sasser*, when a defendant is subject to multiple sentencing schemes, how the section 667(a) prior serious felony enhancement applies does not hinge on whether the sentence at issue was imposed under the Three Strikes law. (*Sasser, supra*, 61 Cal.4th at p. 13.)  The essential inquiry is whether the sentence is determinate, which is subject to the limitations of the DSL, or an indeterminate sentence, which is not.  (*Sasser, supra*, at p. 13.)

Defendant argues that when a crime is punished with an indeterminate term for a reason other than the Three Strikes law, the indeterminate term is not based on concerns about recidivism, so it should not compel the court to construe the law to impose the longest possible sentence.  Yet, as *Sasser* made clear, defendant's *indeterminate* terms— whether imposed by virtue of third-strike sentencing (as in *Williams*) or pursuant to another statute (as in *Misa* and this case)—fall entirely outside the ambit of the DSL and the limitations of section 1170.1.  Defendant has not identified any analogous component of the One Strike law or section 209, subdivision (b)(1) (count 5), that would limit

9.

application of the section 667(a) enhancement to those indeterminate terms in the same manner as section 1170.1.

Moreover, the Three Strikes law *also* applies here, so *Williams*'s analysis of the interplay between section 667(a) enhancements and the Three Strikes law is not irrelevant. As explained in *Williams,* there is nothing in the Three Strikes law that precludes application of multiple section 667(a) enhancements to defendant's *indeterminate* terms. Applying section 667(a) enhancements to multiple *indeterminate* terms is consistent with the intent of section 667(a) and logical in light of how second- and third-strike offenders are subject to increased punishment on *each* new offense, and that punishment is to be in addition to any other enhancement or punishment provisions that may apply. (*Williams, supra*, 34 Cal.4th at pp. 404–405.) *Misa*'s extension of *Williams*'s reasoning in the context of doubling an *indeterminate* term under the Three Strikes law does not run afoul of *Sasser*.

Here, defendant's *determinate* terms, even though doubled under the Three Strikes law, were still subject to the DSL and section 1170.1's limitation on status enhancements. Pursuant to *Tassell* and *Sasser*, the section 667(a) enhancement was applied only once to defendant's aggregate determinate term. Defendant has identified nothing in the One Strike law that dictates a similar result with respect to defendant's indeterminate terms. Nor does the Three Strikes law, as *Williams* explained, limit the application of section 667(a) enhancements to multiple indeterminate terms. The trial court did not err in imposing the section 667(a) enhancement to each of defendant's indeterminate terms.

## DISPOSITION

The judgment is affirmed.