Filed 11/17/21  P. v. Vanhook CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAESEAN VANHOOK,<br><br>Defendant and Appellant. | C090019<br><br>(Super. Ct. Nos. STK-CR-FE-2015-0006194 & SF131278A) |

Defendant Raesean Vanhook appeals the trial court's denial of his motions to strike his firearm and prior serious felony enhancements.  He argues the trial court abused its discretion when it considered striking his firearm enhancement because the court did not understand the full scope of that discretion  Alternatively, to the extent defendant was required to request the trial court impose something less than the full 20-year firearm

enhancement at resentencing, his counsel was ineffective for not making that request.[1]
Defendant also requests correction of the record to strike the true findings on the prior
prison term enhancement and to reflect the imposition of only one prior serious felony
enhancement.

We will modify the judgment to reflect that defendant was found to have suffered
only one prior serious felony enhancement. The judgment is otherwise affirmed.

FACTUAL AND PROCEDURAL HISTORY

As we recounted in our unpublished opinion upholding defendant's judgment:
"The People's evidence at trial showed that on October 23, 2014, two men sneaked into a
garage through a partially opened garage door, taking the three men inside by surprise.
The intruders were wearing ski masks and one was carrying a shotgun. The gunman
appeared to be African American, was about five feet eight to nine inches tall and
weighed about 170 pounds. The gunman ordered the victims to be quiet and to lie on the
ground. Two of the victims complied, but the third did not, telling the intruders to take
what they wanted from the garage because his family was in the house. The gunman
pointed the gun at the noncompliant victim and threatened to kill him. A struggle over
the gun ensued, and the gun went off, causing a hole in the garage door. The gunman let
go of the gun and both intruders fled." (*People v. Vanhook* (Aug. 1, 2018, C080735)
[nonpub. opn.].)[2]

---

[1] We will not address defendant's argument raised for the first time on reply that the trial
court applied the wrong standard at defendant's first resentencing hearing (*People v. Duff*
(2014) 58 Cal.4th 527, 550, fn. 9 [arguments raised for the first time on reply are
waived]). We note that the court's language leading to this asserted error was not
repeated at his successive resentencing hearing.

[2] On our own motion, we incorporate by reference the record in defendant's previous
appeal, case No. C080735, which the parties referenced in their briefing.

The jury found defendant guilty of attempted murder (Pen. Code, §§ 664, 187; count 1),[3] first degree burglary (§ 459; count 2), attempted home invasion robbery (§§ 664, 211; count 3), felon in possession of a firearm (§ 29800, subd. (a)(1); count 4), and possession of a short-barreled shotgun (§ 33215; count 5). The jury found true the enhancements: that defendant was armed with a firearm (§ 12022, subd. (a)(1)) in counts 1, 2, and 3; that defendant had used a firearm (§ 12022.53, subd. (b)) and discharged a firearm (§ 12022.53, subd. (c)) in the commission of counts 1 and 3; and that defendant had used a firearm (§ 12022.5, subd. (a)) in the commission of count 2. Following a bifurcated court trial, the court found true that defendant had suffered a prior strike (§§ 667, subd. (b), 1170.12, subd. (b)), a serious felony conviction (§ 667, subd. (a)), and a prior prison term for first degree burglary (§ 667.5, subd. (b)). The court's minute order applied these true findings to each count.

Thereafter, the trial court sentenced defendant to an aggregate prison term of 43 years. In reaching this sentence, the court set the attempted murder from count 1 as the principal term and sentenced defendant to 14 years (the midterm of seven years doubled), plus 20 years for the firearm enhancement under section 12022.53, subdivision (c), plus 10 years stayed for the section 12022.53, subdivision (b) enhancement, and an additional one year stayed for the section 12022, subdivision (a)(1) enhancement. For the burglary in count 2, the court sentenced defendant to 32 months, plus 16 months for the section 12022.5 enhancement for a total of four years to be served consecutively to count 1.[4] The court also imposed five years consecutive for the serious prior felony enhancement

---

[3] Undesignated statutory references are to the Penal Code.

[4] The court also imposed one year stayed for the section 12022, subdivision (a) allegation associated with count 2, as well as sentences for counts 3, 4, and 5, including the firearm enhancements associated with these counts, which were also stayed pursuant to section 654.

allegation (§ 667, subd. (a)) and "imposed and stayed" "[a]ll the remaining [section] 667 [subdivision] (a)'s." The court further exercised its discretion to strike defendant's prior prison term, stating, "For the [section] 667.5 [subdivision] (b), the Court will strike all of them pursuant to section 1385."

We rejected defendant's appellate claims of prosecutorial misconduct and instructional error, but remanded the matter to allow the trial court to exercise the sentencing discretion authorized by Senate Bill No. 620 (2017-2018 Reg. Sess.). (*People v. Vanhook, supra*, C080735.)

On January 8, 2019, defendant filed a motion to strike or dismiss his firearm enhancements pursuant to section 1385, as authorized by Senate Bill No. 620. The People opposed. The trial court held its first hearing on the matter on January 28, 2019, stating for the record "Mr. Vanhook was not ordered present since this is just a sentencing modification." The court considered the papers, argument of counsel, as well as the court's notes and recollection of trial in evaluating the circumstances of the case, defendant's background, and future prospects to determine whether he would fall "outside the spirit of [section] 1385."

In so doing, the court found the crime involved great violence, that the victims were particularly vulnerable, that defendant was the leader, that the crime involved criminal sophistication, and that defendant's conduct "indicates a serious danger to society." The court further determined that defendant had numerous prior convictions that were increasing in severity and had only been on parole for three months when the offense occurred. Therefore, the court concluded that defendant did not fall outside of the spirit of section 1385 and elected not to strike the firearm enhancements.

Sometime thereafter, the trial court recalled its decision after learning that defendant had a right to be present at the hearing. On May 23, 2019, defendant filed an additional motion to strike his prior serious felony enhancement (§ 667, subd. (a)) under section 1385 in light of the passage of Senate Bill No. 1393 (2017-2018 Reg. Sess.).

4

Both motions to strike were heard on May 28, 2019, in defendant's presence. The parties submitted the matter on the papers and the previous argument from January. The court explained it was considering whether to strike either enhancement "in the interest of justice" and went on to make factual findings largely repeating, and in some instances, expanding upon the January findings. These included that the crime involved great violence, that defendant showed planning and preparation, that defendant was the leader, that defendant's prior convictions were numerous and of increasing severity, that defendant had been on parole and was doing poorly at the time the crime was committed, and that there was no information indicating defendant had completed high school in prison or otherwise significantly changed. The court denied both motions to strike. Defendant timely appealed.

DISCUSSION

**I**

***Discretion to Strike Firearm Enhancement***

Defendant argues the trial court acted without a full understanding of its discretion under Senate Bill No. 620 because between the January and May sentence modification hearings, an intermediate appellate court decided *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*), which recognized the trial court's authority to impose an uncharged lesser firearm enhancement under section 12022.53, in addition to striking or declining to strike the greater firearm enhancement under that section. (*Morrison,* at pp. 222-223.) Defendant argues alternatively if he was required to request the trial court impose something less than the full 20-year firearm enhancement, his counsel was ineffective for not making that request at his second resentencing hearing. The People counter that this court need not decide whether *Morrison* or countervailing authority (see, e.g., *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted Nov. 13, 2019, S257658) is correct because in this instance if the court had wished to impose something less than the 20 years required by the section 12022.53, subdivision (c) enhancement, it

5

could have stricken that enhancement and unstayed the 10-year section 12022.53, subdivision (b) enhancement. The People have the better argument.

Both *Morrison, supra*, 34 Cal.App.5th at page 221 and *People v. Tirado, supra*, 38 Cal.App.5th at page 640, review granted, involve cases alleging firearm enhancements under section 12022.53, subdivision (d) and no lesser firearm enhancements under subdivision (b). Here, the jury found true that defendant had used a gun within the meaning of section 12022.53, subdivisions (b) and (c). Thus, if the trial court had wanted to impose something less than the 20 years required by section 12022.53, subdivision (c), the court could have imposed 10 years by striking that enhancement and lifting the stay on the section 12022.53, subdivision (b) enhancement. (Cf. *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1123, 1129-1130 [all enhancements found true under § 12022.53 must be imposed, and then the lesser enhancements stayed, so that they will be available if the most severe enhancement was later invalidated].) The court did not take this action, and defendant has not shown the court was unaware of its ability to do so. (See, e.g., *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [on appeal, " 'a trial court is presumed to have been aware of and followed the applicable law' "]; *People v. Moran* (1970) 1 Cal.3d 755, 762 [the presumption of regularity of judicial exercises of discretion apply to sentencing issues, there a Division of Juvenile Justice commitment], questioned on other grounds in *People v. Gregg* (1970) 5 Cal.App.3d 502, 507.)

Nor are we convinced by defendant's argument that his attorney was ineffective for failing to request the court impose a lesser firearm enhancement. Again, we presume the trial court was aware of its sentencing discretion (*People v. Stowell, supra*, 31 Cal.4th at p. 1114), which in this instance included an ability to strike the 20-year enhancement and lift the stay on the 10-year enhancement. Under these circumstances, defendant has not demonstrated he was prejudiced by his attorney's failure to make such a request. Accordingly, defendant has not demonstrated error and is not entitled to remand for resentencing on the firearm enhancements.

## II

### *Modification to Judgment*

Defendant requests this court modify the judgment to vacate the true finding on the previously stricken prior prison term enhancement (§ 667.5, subd. (b)) in light of the passage of Senate Bill No. 136 (2019-2020 Reg. Sess.) and to impose only one section 667, subdivision (a) enhancement.

As to defendant's first request, defendant claims the trial court only *struck the punishment* for defendant's prior prison term enhancement. The record does not support this claim. Rather, the court stated, "For the [section] 667.5 [subdivision] (b), the Court will strike all of them pursuant to section 1385." Based on this record, defendant's prior prison term finding has already been stricken such that relief under Senate Bill No. 136 is unnecessary.

On the second issue, we agree that the oral pronouncement of judgment, minute order, and abstract of judgment inaccurately reflect the imposition of the section 667, subdivision (a) enhancement *as to counts 1, 2, and 3*. This enhancement may be applied only once. (See *People v. Sasser* (2015) 61 Cal.4th 1, 7 ["the prior serious felony enhancement may be added only once to multiple determinate terms imposed as part of a second strike sentence"].) Accordingly, we modify the judgment to reflect that the section 667, subdivision (a) enhancement was imposed only once, not as to each count 1, 2, and 3.

## DISPOSITION

We modify the judgment to reflect that one section 667, subdivision (a) enhancement was imposed.  The trial court shall prepare an amended abstract of judgment and forward that document to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


   /s/
HOCH, J.


I concur:


 /s/
MAURO, Acting P. J.

8

DUARTE, J., Dissenting.

I disagree with the majority's conclusion that remand for informed exercise of discretion as to the now-discretionary enhancements is not warranted in this case. Thus, I am compelled to dissent.

I begin by emphasizing that the passage of the legislation at issue here indicates a willingness by the Legislature to confer new discretion on the trial courts. The Legislature intended that this discretion be exercised to reduce and tailor the formerly mandatory and severe sentences such as that imposed in this case. (See *In re Estrada* (1965) 63 Cal.2d 740, 745 ["When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act"]; *People v. Francis* (1969) 71 Cal.2d 66, 76 [conferring discretion to either impose same penalty as under former law or a lesser penalty evidences the Legislature's determination that former penalty provisions may have been too severe in some cases, and sentencing courts should be given wider latitude to tailor sentence to fit the circumstances].) This discretion was not idly conferred; it reflects a societal determination that additional care should be taken and thoughtful analysis should be employed before making the formerly mandatory decision to incarcerate a person for a period of time that is, for all intents and purposes, the remainder of their life.

As defendant pointed out in his briefing, in his motion to continue oral argument, and at oral argument, counsel for both parties as well as the trial court made significant mistakes in this case, from the initial resentencing through the proceeding at issue here. These mistakes signal the trial court was not fully aware of the required considerations when deciding defendant's motions to strike or dismiss his firearm enhancements pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill No. 620) and his Penal Code section 667, subdivision (a) (as amended by Stats. 2018, ch. 1013, § 1, eff.

1

Jan. 1, 2019) serious felony enhancement pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill No. 1393).[1]

As yet another basis for remand, pursuant to Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No. 81), extensive amendments to section 1385 (Stats. 2021, ch. 721, § 1, eff. Jan. 1, 2022) will be in effect before defendant's conviction is final; these amendments will confer even more discretion on the trial court's orders of dismissal in cases such as this, as well as extensive guidance as to relevant factors to be considered. For all of these reasons, it is my view that remand is appropriate.

As related in part by the majority and discussed at length by defendant in his briefing and motion to continue oral argument, defendant's resentencing was piecemeal, as well as confused and misinformed from the outset.

The first defense motion for resentencing, filed on January 8, 2019, moved only to strike the two firearm enhancements for which sentence remained unstayed (§§ 12022.53, subd. (c), 12022.5, subd. (a)) pursuant to then newly effective Senate Bill No. 620. It did not seek to reduce these sentences. The People's written opposition to that request erroneously asserted that defendant was eligible for early parole under section 3051, subdivision (b); in fact, he was *ineligible* due to his strike offense, as explicitly stated in section 3051, subdivision (h), which the People ignored. Indeed, the prosecutor misrepresented in his opposition: "[T]he only scenario under which [defendant] would serve anywhere close to his [43-year] sentence would be if a parole board denies him release for approximately [25] years after he become[s] eligible."

At the initial resentencing hearing, held on January 28, 2019, and addressing only the firearm enhancements, the trial court failed to order defendant produced. At that hearing, the prosecutor doubled down on the incorrect characterization of defendant's

---

[1]  Further undesignated statutory references are to the Penal Code.

parole eligibility, encouraging the court to consider "the possibility that he's going to be released after 15 years, which is he continues to do well in his remaining time until that hearing date . . . we won't oppose that if he's not a danger to society and performed well inside and rehabilitated." He concluded his argument by emphasizing that "it's important to acknowledge that the [L]egislature has changed the law as it applies to youthful offenders like [defendant], and given him the opportunity should he continue to do well inside, to serve a fraction of what the law said his sentence should be for such a serious crime with his criminal history." Although the court correctly noted that "the youthful offender parole hearing isn't in front of me" and "isn't part of the analysis that the Court's [*sic*] required to do," no one pointed out at this hearing or at *any* time during subsequent proceedings that, in fact, defendant's strike specifically precluded him from eligibility for section 3051 relief. (§ 3051, subd. (h).) Thus, defendant's 43-year state prison sentence was not subject to mitigation by way of a parole hearing offered after only 15 years, as misrepresented to the trial court and apparently never corrected by either party.

Finally, and critically, the trial court's findings at the January hearing were modeled after the analysis required by *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, rather than an analysis centered on the propriety of the sentence itself, as outlined by *People v. Shaw* (2020) 56 Cal.App.5th 582 at page 587, as I discuss in more detail *post*.

In defendant's second motion for resentencing, filed on May 23, 2019, defense counsel reiterated her previous arguments regarding striking the firearm enhancements and also moved to strike the prior conviction enhancement, for which sentence remained unstayed (§ 667, subd. (a)), pursuant to newly effective Senate Bill No. 1393.[2] No new

---

[2] As noted by the majority, at the original sentencing, the trial court incorrectly imposed multiple section 667, subdivision (a) enhancements, staying sentence on all but one; I

3

opposition appears in the record.  At the second hearing, held on May 28, 2019, the parties submitted on the papers and argument from the January hearing.  Then, as the majority correctly describes, the trial court "went on to make factual findings largely repeating" those from the original hearing (maj. opn., *ante*, at p. 5), which mostly included references to defendant's role in the crimes of conviction, parole status at the time of the crime, and criminal history.  Although the parties had agreed in January that defendant was "doing pretty well" in custody and "doing well inside," with consideration pending for fire camp placement, in May the trial court concluded that his "background, his character, and his prospects" were poor, as the court had not "seen any significant changes," and therefore "his prospects and the facts of the previous crime outweigh anything he has done now."

These are appropriate factors to consider in a *Romero* analysis, but they are not dispositive in the context of a motion pursuant to Senate Bill No. 1393.  In fact, the relevant analyses are completely different.  In deciding whether to dismiss a prior strike allegation under *Romero*, a trial court must determine whether *the defendant* should properly be deemed outside the spirit of the three strikes law, which is intended to punish those offenders with recidivist tendencies more harshly than non-recidivist offenders. (See *People v. Williams* (1998) 17 Cal.4th 148, 161.)  In contrast, in the application of the discretion conferred by Senate Bill No. 1393, the role of the trial court is to "evaluate[] all relevant circumstances to ensure *the punishment fits the offense and the offender*." (*People v. Shaw, supra,* 56 Cal.App.5th at p. 587, italics added.)  The decision to decline to find any given defendant outside the heartland of recidivist offenders is distinct from a decision about the propriety of the sentence they will face as a consequence of inclusion in or removal from that heartland.  Here, neither the parties nor the trial court referenced

agree with the majority that the stayed enhancements are unauthorized and should be stricken.

the propriety of defendant's *43-year prison sentence*; indeed, the only reference to defendant's actual sentence, imposed in 2015, that appears in the relevant record of the two resentencing hearings is the prosecutor's January 2019 representation: "[T]he only scenario under which [defendant] would serve anywhere close to his [43-year] sentence would be if a parole board denies him release for approximately [25] years after he become[s] eligible." As I have explained above, this was incorrect.

An informed exercise of discretion as to the propriety of adjusting defendant's sentence in any of the many ways available to the trial court simply does not appear.

Specifically regarding the firearm enhancements, I agree with the majority (maj. opn., *ante*, at p. 6) that *People v. Morrison* (2019) 34 Cal.App.5th 217 and *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted November 13, 2019, S257658, are not on point to this case, as here the lesser enhancement (§ 12022.53, subd. (b)) as well as other, lesser enhancements (§§ 12022.5, subd. (a), 12022, subd. (a)) were charged, found true by the jury, and sentenced by the court. However, I do not agree that the trial court was necessarily aware of the many options available to it, any of which could have been deployed to fashion an appropriate sentence, as opposed to merely striking or not striking the unstayed enhancements.

Although I do not disagree with the majority's observation that trial courts are generally presumed to have been aware of the applicable law (maj. opn., *ante*, at p. 6), this is a rebuttable presumption. Here, in my view, it has been rebutted due to the other errors illustrated by this record, as I have described. My concerns about these errors and the doubt they generate regarding the trial court's awareness of the extent of its discretion are exacerbated by the incorrect information supplied to the court by the prosecutor, as well as defense counsel's inexplicable failure to correct this erroneous misrepresentation and also to ensure the court had an accurate understanding of its discretion under these new laws, including the analysis it was required to employ and the possibilities available to it.

5

At the time of these two hearings, the changes in the law were very new.  Simply put, the record demonstrates that the parties did not have the necessary knowledge and experience to correctly argue for or against thoughtful exercise of discretion, and the trial court did not have the necessary knowledge and experience to identify the required considerations and decide whether a 43-year prison sentence (with no early parole) remained an appropriate sentence despite the Legislature's actions to assist the courts in ensuring that the punishment does, indeed, fit the crime.

For these reasons, I would remand the case for the trial court to consider its discretion in an informed and thoughtful manner, with the additional guidance now provided by the amendments to section 1385.  (Senate Bill No. 81.)


  /s/
Duarte, J.

6