Filed 11/6/24  P. v. Manzo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084299 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF143566) |
| JESSE MANZO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded with instructions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Jesse Manzo appeals an order denying him resentencing under Penal Code,[1] section 1172.75. Because the trial court's ruling was based on an erroneous interpretation of section 1172.75, we reverse and remand for full resentencing of the noncapital offenses.

In 2013, a jury convicted Manzo of first degree murder with special circumstances (§§ 187, subd. (a), 190.2, subd. (a)(16), (22); count 1) and found true numerous enhancement allegations. The jury also convicted Manzo of unlawfully owning and having in his possession a handgun as a convicted felon (former § 12021, subd. (a)(1), the predecessor statute to § 29800; count 2).

The jury fixed the penalty as death for the murder count and the court, accordingly, entered a judgment of death. The court also imposed a consecutive indeterminate sentence of 25 years to life for a firearm enhancement (§ 12022.53, subd. (d)) alleged with count 1 and imposed but struck the punishment for a street gang enhancement (§ 186.22, subd. (b)(1)(c)) alleged for count 1. The court imposed and stayed a determinate term of three years for count 2 and imposed and stayed a one-year term for the prison prior allegation (§ 667.5, subd. (b)).

Effective January 1, 2022, section 1172.75 was added to the Penal Code by virtue of the passage of Senate Bill No. 483 (2021–2022 Reg. Sess.). (Stats. 2021, ch. 728, § 3.) With one exception not applicable here, section 1172.75 provides that prison prior enhancements "imposed prior to January 1, 2020" pursuant to section 667.5, subdivision (b) are "legally invalid." (§ 1172.75, subd. (a).) It directs the Department of Corrections

---

[1] Further undesignated statutory references are to the Penal Code.

(CDCR) to identify those persons in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).) "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement" unless the court finds a lesser sentence would endanger public safety. (*Id.*, subd. (d).)

The CDCR identified Manzo as a person currently serving a prison term that included an enhancement imposed pursuant to section 667.5, subdivision (b). After appointing counsel to represent Manzo, the court held a hearing in March 2024 to consider resentencing, which the court denied. The court noted that Manzo had a prison prior that was found true, but the sentence was stayed. Relying upon *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*) (review granted Feb. 21, 2024, S283169), the court determined Manzo was not eligible for relief "because he is not currently serving time for a prison prior, and never has been serving time for a prison prior, because it was stayed. Appellant appealed.

The issue presented in Manzo's appeal is whether the trial court erred in its interpretation of section 1172.75. He contends it did, and that the statute affords relief to all defendants whose sentences include a prior prison term enhancement, whether it was imposed and executed or imposed and stayed. The People contend the court did not err, because section 1172.75 applies only to those defendants whose prior prison term enhancements were imposed and executed. On our de novo review of this issue (*People v. Lewis*

3

(2021) 11 Cal.5th 952, 961), and consistent with this court's prior decisions on the issue, we agree with Manzo. Accordingly, we will reverse the order and remand for full resentencing of the noncapital offenses.

The proper interpretation of section 1172.75 in this context has been the subject of conflicting published appellate opinions, and our Supreme Court has granted review to resolve the conflict. (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283; *Rhodius, supra*, 97 Cal.App.5th at pp. 43–48, review granted; *People v. Christianson* (2023) 97 Cal.App.5th 300, 311–316, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1279, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665 , review granted Aug. 14, 2024, S285853 (*Mayberry*); *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 (*Espino*).)

In *Renteria*, the trial court declined to apply section 1172.75 to the defendant's prior prison term enhancements on the ground that the word "imposed" as used in subdivision (a) of section 1172.75 did not include enhancements that were stayed. (*Renteria, supra*, 96 Cal.App.5th at p. 1282.) The Sixth Appellate District reversed, holding that the term " 'imposed' " includes " 'enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*." ' " (*Ibid*.)

In *Rhodius*, a different division of our court reached the opposite conclusion, relying heavily on *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*), in which the California Supreme Court interpreted the word "imposed" as used in section 12022.53, subdivision (f), to mean imposed and executed. The *Rhodius* court observed subdivision (d)(1) of section 1172.75 requires the trial court to impose a "lesser sentence than the one originally imposed," and reasoned the only way the enhancement could affect the length

4

of a sentence is if it had been imposed and executed. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43–44, review granted.) It also found the legislative history of section 1172.75 demonstrates "a clear presupposition by the Legislature of an imposed and executed sentence" (*Rhodius*, at p. 47), including a legislative analysis that found sentencing enhancements " 'put significant financial burdens on taxpayers and families statewide.' " (*Ibid.*)

This court, in *Christianson*, rejected a narrow interpretation of section 1172.75 and held that section 1172.75 applies to cases in which the inmate's abstract of judgment includes one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 305, review granted.) Although we considered the word "imposed" in section 1172.75, subdivision (a) to be "at least somewhat ambiguous," we concluded that in the context of the statutory scheme, stated legislative intent, and statutory history, "imposed" was not "limited to enhancements that were imposed *and executed*." (*Christianson*, at p. 311.) We observed that subdivision (a) of section 1172.75 requires the CDCR to identify all inmates " 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a),' " and that a judgment "may include a sentence that has been imposed but suspended or stayed." (*Christianson*, at p. 311.) We found it illogical that the Legislature would require the CDCR to identify a larger class of inmates based on the abstract of judgment, only to have the trial court "then look at the same abstracts of judgment available to the CDCR to determine whether" the enhancements had been stayed. (*Id.* at p. 312.)

We also disagreed that if the statute were interpreted to encompass stayed enhancements, this would create a conflict with subdivision (d)(1) of section 1172.75. We explained that when a punishment is stayed, "the trial

5

court retains the ability to lift the stay and impose the term under certain circumstance[s]," and that "removal of the stayed enhancement" therefore "provide[s] some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) And while in *Gonzalez*, *supra*, 43 Cal.4th at page 1126, the California Supreme Court interpreted the word "imposed" in section 12022.53, subdivision (f), to mean imposed and executed, we did not find *Gonzalez* to be controlling. In our view, the high court had interpreted "imposed" in the context of a statute intended to ensure longer sentences for felons who use firearms, whereas section 1172.75 was "expressly aimed at *reducing* sentences[.]" (*Christianson*, at p. 314.) And we found the legislative history to be consistent with our reading of section 1172.75. (*Christianson*, at p. 316.)

In *Saldana*, the Third Appellate District similarly concluded that section 1172.75 broadly affords relief to all defendants with a now-invalid section 667.5, subdivision (b) enhancement, regardless of whether execution of the enhancement was stayed. In doing so, it relied on reasoning from *Christianson*, and disagreed with the *Rhodius* court's view that defendants whose sentences include stayed enhancements would not be subject to a lesser sentence if their enhancement was stricken. (*Saldana*, *supra*, 97 Cal.App.5th at pp. 1277, 1278, review granted.) The Fifth Appellate District in *Mayberry* and the Sixth Appellate District in *Espino* also agreed with *Christianson*. (*Mayberry*, *supra*, 102 Cal.App.5th at p. 675, review granted; *Espino*, *supra*, 104 Cal.App.5th at pp. 194–201, review granted.)

Manzo asks us to interpret section 1172.75 as we did in *Christianson* to include all cases in which the trial court imposed a prior prison term as a part of the original judgment. In response, the People ask us to follow

6

*Rhodius* rather than *Christianson*, and hold that section 1172.75 does not apply to an imposed and stayed section 667.5, subdivision (b) enhancement.

We decline the People's request. "We see no good reason to reject the weight of authority interpreting section 1172.75" including our own decision in *Christianson*. (*Espino, supra,* 104 Cal.App.5th at p. 196.) "Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.) *Christianson* is a decision of this appellate division, and the People have not provided us with a compelling reason for reconsidering it. Although they assert that *Rhodius* is the "better-reasoned analysis," we were aware of *Rhodius* when we decided *Christianson* and we expressly disagreed with the *Rhodius* court's interpretation of section 1172.75. (See *Christianson, supra,* 97 Cal.App.5th at p. 316, fn. 8, review granted.)

In a footnote, the People alternatively contend, apparently for the first time on appeal, that Manzo may not be eligible for resentencing relief under section 1172.75 because he is condemned to death awaiting execution rather than serving a term of imprisonment. (See § 3600 [male inmates subject to a judgment of death "shall be kept in a California prison until execution of the judgment"].) We are not required to consider substantive arguments relegated to a footnote. (*Alexander v. Exxon Mobil* (2013) 219 Cal.App.4th 1236, 1260, fn. 10; Cal. Rules of Court, rules 8.204(a)(1)(B) and 8.360(a).) Even if we were to consider this argument, we do not find it persuasive. Death sentences fall outside the ambit of the determinate sentencing statutes and reforms. (*People v. Sasser* (2015) 61 Cal.4th 1, 8.) Sentencing issues on noncapital counts should not be "overlooked." If a death sentence is overturned on grounds solely related to the capital count, a determinate term

7

based on noncapital verdicts remains intact. (Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2024), § 54.58, p. 2019.) We conclude, therefore, that the judgment of death does not make Manzo ineligible for resentencing and it is appropriate to remand this case for resentencing as to the noncapital offenses.

Accordingly, we adopt the reasoning and holding of *Christianson* and conclude that section 1172.75 affords relief to defendants like Manzo whose abstract of judgment includes a section 667.5, subdivision (b) enhancement that was previously imposed but stayed. Manzo is therefore entitled to a recall of his sentence for full resentencing of the noncapital offenses upon remand, including the application of "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).)

## DISPOSITION

The order denying resentencing is reversed and the matter is remanded to the trial court with instructions to recall Manzo's sentence with respect to the noncapital offenses and resentence him consistent with section 1172.75 and current law.

IRION, J.

WE CONCUR:


O'OURKE, Acting P. J.


RUBIN, J.

9